COPY

1  ROD M. FLIEGEL, Bar No. 168289
   LITTLER MENDELSON
2  A Professional Corporation
   650 California Street
3  20th Floor
   San Francisco, CA  94108.2693
4  Telephone:  415.433.1940
   Fax No.:    415.399.8490
5
   LARA K. STRAUSS, Bar No. 222866
6  JOSHUA D. LEVINE, Bar No. 239563
   LITTLER MENDELSON
7  A Professional Corporation
   501 W. Broadway
8  Suite 900
   San Diego, CA  92101.3577
9  Telephone:  619.232.0441
   Fax No.:    619.232.4302
10
   Attorneys for Defendant
11 US INVESTIGATIONS SERVICES, LLC

12                UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14
15 TOM P. WILSON, and ROES One          Case No.  EDCV13-0489 VAP (Dlbx)
   through six hundred, inclusive,
16                                       San Bernardino Superior Court Case No.
                Plaintiff,               CIVRS1209924
17
        v.                               **NOTICE TO FEDERAL COURT OF
18                                       REMOVAL OF CIVIL ACTION
   US INVESTIGATIONS SERVICES,           FROM STATE COURT PURSUANT
19 LLC; ALTEGRITY, INC.;                 TO 28 U.S.C. SECTIONS 1332(A),
   PROVIDENCE EQUITY                      1332(D), 1441 AND 1446**
20 PARTNERS, LLC, CHESTER
   RIGGINS; CAROLINE ASHLEY;             Class Action Fairness Act & Complete
21 MICHAEL MANDELBLATT;                  Diversity
   HEIDI NIELSEN, and DOES 1
22 through 25, inclusive,                Complaint Filed: December 28, 2012
                                         FAC Filed: January 23, 2013
23              Defendants.

24
25
26
27
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101 3577
619 232 0441

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1  TO THE CLERK OF THE ABOVE ENTITLED COURT, PLAINTIFF TOM

2  WILSON AND HIS ATTORNEYS OF RECORD:

3      Please take notice that Defendant US Investigations Services, LLC ("USIS")

4  hereby removes this action from the Superior Court of the State of California, San

5  Bernardino County to the United States District Court for the Central District of

6  California.  USIS bases removal on the United States Code, title 28, sections 1332,

7  1441 and 1446 on the following grounds:

8              **PLEADINGS, PROCESS, AND ORDERS**

9      1.    On December 28, 2012, Plaintiff Tom Wilson ("Plaintiff") filed a

10 putative class action complaint in the Superior Court of the State of California for the

11 County of San Bernardino entitled "*Tom P. Wilson, and Roes One through Twenty*

12 *Five v. U.S. Investigation Services, LLC; Chester Riggins; Caroline Ashley; Michael*

13 *Mandelblatt; Heidi Nielsen, and DOES 1 through 25, inclusive,*" Case No.

14 CIVRS1209924 (hereinafter "the Complaint").

15     2.    On January 23, 2013, Plaintiff filed a First Amended Class Action

16 Complaint in the Superior Court of the State of California for the County of San

17 Bernardino entitled "*Tom P. Wilson, and ROES One through six hundred, inclusive v.*

18 *U.S. Investigations Services, LLC; Altegrity, Inc., Providence Equity Partners, LLC,*

19 *Chester Riggins; Caroline Ashley; Michael Mandelblatt; Heidi Nielsen, and DOES 1*

20 *through 25, inclusive*" (hereinafter "the First Amended Complaint" or "FAC").

21     3.    In his FAC, Plaintiff alleges that he was employed by USIS as an

22 investigator until May 2012.  (FAC, ¶ 52.)  Plaintiff asserts the following thirteen

23 causes of action: (a) failure to keep time records and pay wages under California

24 Wage Orders and California Labor Code sections 216, 510 and 1194; (b) conversion

25 of labor under California Penal Code sections 484, 487 and 496; (c) failure to timely

26 pay wages at separation under California Labor Code sections 201-203; (d) retaliation

27 for raising unfair working conditions issues under California Labor Code sections

28 98.6 and 1198.3; (e) declaratory relief for illegal waiver of wage claims under

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego  CA  92101-3577
619 232 0441

1.

1   California Labor Code sections 206.5 and 1194; (f) age discrimination under
2   California's Fair Employment and Housing Act, California Government Code
3   sections 12900-12989.3 ("FEHA"); (g) disability discrimination under California
4   FEHA; (h) discrimination against a reserve law enforcement officer under California
5   Labor Code sections 230.3 and 230.4; (i) slander and libel under California Code of
6   Civil Procedure sections 45 and 46; (j) enforcement of the California Private Attorney
7   General Act, California Labor Code sections 2698-2699.3; (k) violation of
8   California's Unfair Businesses Practices Act, California Business and Professions
9   Code sections 17200-17208; (l) infliction of emotional distress under California Civil
10  Code section 1714; and (m) injunctive relief under California Code of Civil Procedure
11  section 526.  (*See generally* FAC.)  All claims are pled against all defendants.  (*See*
12  *id.*)

13      4.      In addition to his own claims, Plaintiff generally seeks to represent a
14  class of all investigators employed by USIS in California for the period dating back to
15  December 28, 2008, four years prior to the filing of Wilson's original complaint.
16  (FAC, ¶¶ 10, 43); *see also* Cal. Bus. & Prof. Code § 17208.

17      5.      True and correct copies of the Complaint, Certificate Of Assignment,
18  Civil Fee Schedule, Summons, Notice Of Case Assignment, Notice Of OSC: Service
19  Of Summons And Complaint, Notice Of Case Management Conference, ADR Packet,
20  and Civil Case Cover Sheet received by USIS are attached hereto as Exhibit A.
21  (Declaration of Lara K. Strauss ("Strauss Decl."), ¶ 2.)

22      6.      A true and correct copy of the Service of Process to USIS of the
23  Amended Summons and First Amended Complaint reflecting a February 13, 2013
24  date is attached to USIS' Notice of Removal as Exhibit B.  (Strauss Decl., ¶ 3.)

25      7.      A true and correct copy of the Amended Summons and First Amended
26  Complaint are attached to USIS' Notice of Removal as Exhibit C.  (Strauss Decl., ¶
27  4.)

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA  92101 3577
619 232 0441

2.

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1    8.    USIS is not aware of any further proceedings and has not received any

2    other filings regarding this action in San Bernardino County Superior Court.

3    **STATEMENT OF JURISDICTION**

4    9.    This Court has original jurisdiction over this action under the Class

5    Action Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. § 1332(d).  CAFA grants

6    district courts original jurisdiction over civil class actions filed under federal or state

7    law in which any member of a class of plaintiffs is a citizen of a state different from

8    any defendant and where the amount in controversy for the putative class members

9    exceeds the sum or value of $5 million in the aggregate, exclusive of interest and

10   costs.  The Act authorizes removal of such actions pursuant to United States Code,

11   title 28, section 1446.  For the reasons detailed below, this case meets the CAFA's

12   requirements for removal and is timely and properly removed through this notice.

13   10.   Independent of CAFA jurisdiction, this Court also has original

14   jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed

15   pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action

16   wherein the amount in controversy for the named plaintiff exceeds the sum of

17   seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is

18   between "citizens of different States."  As set forth below, this case meets all of

19   Section 1332's requirements for removal and is timely and properly removed by the

20   filing of this notice.

21   11.   Venue is proper in this Court since it covers the district where the state

22   court action is pending.  *See* 28 U.S.C. § 1441(a).

23   **TIMELINESS OF REMOVAL**

24   12.   Plaintiff personally served the Amended Summons and FAC on the

25   registered agent for USIS on February 13, 2013.  (Strauss Decl., ¶ 3, Ex. B.)  Pursuant

26   to 28 U.S.C. section 1446(b), this Notice of Removal is therefore timely filed as it is

27   filed within 30 days after USIS received the Summons and FAC and within one year

28   after commencement of this action.  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689,

3.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

1  694 (9th Cir. 2005) (explaining that "the notice of removal may be filed within thirty

2  days after the defendant receives 'an amended pleading, motion, order or other paper'

3  from which it can be ascertained from the face of the document that removal is

4  proper"). *Id.* (quoting 28 U.S.C. § 1446(b)).

5  ### CAFA REMOVAL

6  13.  Removal is proper under CAFA. 28 U.S.C. § 1332(d). CAFA defines a

7  "class action" as any civil action filed under Federal Rule of Civil Procedure 23 or any

8  similar state statute. 28 U.S.C. § 1332(d)(1)(B). Plaintiff has pled this action as a

9  class action. (FAC, Caption and ¶¶ 10-18.)

10  **A.   CAFA Removal - Citizenship**

11  14.  Under CAFA, "[t]he district courts shall have original jurisdiction of any

12  civil action in which the matter in controversy exceeds the sum or value of

13  $5,000,000, exclusive of interest and costs, and is a class action in which . . . ***any***

14  member of a class of plaintiffs is a citizen of a State and ***any*** defendant is a foreign

15  state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2)(C) (emphasis

16  added); *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005). In short, CAFA

17  does not require complete diversity, only the diversity of one plaintiff and one

18  defendant.

19  15.  Moreover, CAFA does not require unanimity of removal, but rather

20  permits ***any*** defendant to unilaterally remove the action if requirements for CAFA

21  removal are met, as they are here. 28 U.S.C. § 1453(b); *United Steel v. Shell Oil*, 549

22  F.3d 1204, 1208 (9th Cir. 2008) ("[U]nder CAFA . . . one defendant may remove the

23  entire action, including claims against all defendants").

24  16.  Plaintiff is a citizen of the State of California. *See* FAC, ¶ 2; 28 U.S.C. §

25  1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled);

26  *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)

27  (recognizing that residence is *prima facie* evidence of domicile for purposes of

28  determining citizenship).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

4.

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

17.   To determine the citizenship of a limited liability company, courts look to the citizenship of each member of the company. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  USIS' sole member is Altegrity, Inc. ("Altegrity").[1]  (Declaration of Brian Slagowski ("Slagowski Decl."), ¶ 2.)  A corporation is a citizen of its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business refers to its "nerve center" or, in other words, the location where the corporation's high-level officers direct, control, and coordinate the corporation's activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1186, 1192-94 (2010).  Except in unusual circumstances, a corporation's corporate headquarters is its nerve center. *Id.* at 1186, 1192-94.  Altegrity is incorporated in the State of Delaware and has its corporate headquarters in Falls Church, Virginia.  (Slagowski Decl., ¶ 2); *see also* Request for Judicial Notice ("RJN"), Ex. A.   Altegrity and USIS are thus both citizens of Delaware and Virginia.

18.   Defendants Does 1 through 25, inclusive, are fictitious.  Under United States Code, title 28, section 1441(b)(2), courts must disregard the citizenship of defendants sued under fictitious names for the purpose of determining diversity jurisdiction. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The defendants sued under fictitious names therefore cannot destroy diversity of citizenship between the parties in this action.

19.   The fact that Plaintiff and the putative class members are citizens of a state different from USIS satisfies CAFA's diversity requirement.

---

[1] Counsel for USIS does not represent Altegrity, but notes on USIS' behalf that there is no legitimate basis for naming Altegrity as a defendant in this action.  USIS' appearance in the action and statements as to the citizenship of other defendants are not intended in any way to constitute an appearance on behalf of any other defendant and/or consent to service or jurisdiction on behalf of any defendant.  USIS' pleadings and all statements in this removal are actions taken solely by USIS and solely on its behalf.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619 232 0441

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

**B.     CAFA Removal – Amount in Controversy**

20.     Plaintiff has specifically alleged that there is more than $10.8 million in controversy with respect to the 13 alleged claims.  (FAC ¶ 33).  Plaintiff's own allegations thus establish that the amount in controversy exceeds the $5 million threshold for CAFA removal.

21.     Although USIS denies Plaintiff's claims of wrongdoing and denies that Plaintiff and/or the putative class are entitled to any relief, pay rates and the number of investigators independently establishes that the amount in controversy on the claims alleged by Plaintiff exceeds the $5 million threshold for CAFA removal.   *See Ripee v. Boston Market Corp,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (holding that the proper calculations for establishing the amount in controversy involved "using a combination of Defendant's own numbers and Plaintiff's allegations").  Specifically:

a.     The number of individuals with the job titles investigator, associate investigator and senior investigator employed by USIS in California and residing in California ("California Investigators") for the period from December 28, 2008 through October 19, 2012 exceeds 400. (Slagowski Decl., ¶ 5.)

b.     As of each of the following dates, USIS had the following number of USIS California Investigators: (i) 296 total California Investigators as of February 1, 2009; (ii) 284 total California Investigators as of February 1, 2010; (iii) 271 total California Investigators as of February 1, 2011; and (iv) 253 California Investigators as of February 1, 2012. *(Id.,* ¶ 5.)

c.     California Investigators' hourly pay rates have exceeded $18.00 per hour each year from 2008 to the present.[2]  *(Id.,* ¶ 7); (FAC, ¶ 32 [calculating

---

[2] The pay rates and head counts set forth in this removal were calculated through Mr. Slagowski's personal knowledge and best efforts by USIS to gather data for California Investigators employed during the period at issue. (Slagowski Decl., ¶ 1.) USIS is not providing more specific detail about pay rates because the Company considers information about its employees' pay rates to be confidential and proprietary. Disclosure of detailed information of this nature could be highly valuable to USIS' competitors and harmful to the Company. *(Id.,* ¶ 7.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619 232 0441

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1  alleged unpaid wages for Plaintiff and other California Investigators at 1.5 rate of $27
2  per hour, which equals an $18 per hour regular rate]).
3          d.      Plaintiff's first claim seeks compensation for alleged unpaid
4  overtime hours. *See* Cal. Lab. Code §§ 510, 1194; (FAC, ¶¶ 16, 21, 32 [alleging that
5  Plaintiff and putative class members worked "unpaid overtime" that USIS failed to
6  pay (*i.e.*, paid $0 for overtime hours)].) California law requires that employers pay for
7  overtime hours at rates equal to 1.5 times employees' regular rate for hours over 8 in a
8  day and 40 in a workweek, which for employees paid an hourly wage is equal to 1.5
9  times their hourly rate.[3]  Cal. Lab. Code § 510.  Plaintiff contends that he and other
10 California Investigators worked 20 hours per week of unpaid overtime. (FAC, ¶¶ 32,
11 33.)  Taking just half of the 20 alleged unpaid overtime hours per week shows that the
12 amount in controversy can be calculated as follows:

| Calendar Year | No. of California Investigators as of Feb. 1 | $27 Regular Overtime Rate Per Hour | Alleged Unpaid Overtime Hours Per Week | No. of Workweeks Per Year* | Total |
|---|---|---|---|---|---|
| 2009 | 296 | $27 | 10 | 49 | $3,916,080 |
| 2010 | 284 | $27 | 10 | 49 | $3,757,320 |
| 2011 | 271 | $27 | 10 | 49 | $3,585,330 |
| 2012 | 253 | $27 | 10 | 49 | $3,347,190 |
| | | | | Grand Total | $14.6 million |

*The workweeks take into account three weeks of vacation and/or other time off.

         e.      Plaintiff's additional claims, including his claims for waiting time
penalties under California Labor Code section 203, retaliation and age and disability

---

[3] California also requires payment of double time for hours over 12 in a day and hours over 8 on a seventh day in the workweek.  To be conservative, USIS has calculated all overtime hours at regular overtime rates, not double time rates.

7.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

1   discrimination, all of which are pled on a class action basis, further add to the amount

2   in controversy.

3          f.    Plaintiff's request for "punitive damages and sanctions equal to [at

4   least] ten times the amount of general and special damages" demonstrates that the

5   amount at issue in Plaintiff's FAC is well in excess of the $5 million CAFA threshold.

6   (FAC, Prayer for Relief ¶ 11.)

7          g.    Plaintiff also seeks attorneys' fees, which the Court should

8   consider and include in the amount in controversy since the California Labor Code

9   allows such recovery for wage claims. (Complaint, Prayer for Relief, ¶ 5(d)); *see* Cal.

10   Lab. Code § 218.5; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)

11   (recognizing that attorneys' fees provided by statute are properly included in

12   evaluating the amount in controversy). Attorneys' fees in awards in California class

13   actions can total in the range of hundreds of thousands of dollars. *See, e.g., McGuigan*

14   *v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in

15   settlement of $1.6 million); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157,

16   1216-18 (2008) (affirming award of $757,000 in attorneys' fees plus a multiplier that

17   equated to total fees of $1,199,550 in class case involving violations of a living wage

18   ordinance, the California Labor Code as well as unfair competition and contract

19   claims). The Court should therefore consider attorneys' fees of at least $100,000 as

20   part of the amount in controversy.

21      22.   As the above calculations show – even when attorneys' fees, additional

22   penalties and damages related to Plaintiff's discrimination or retaliation claims, and

23   punitive damages are all excluded – the amount in controversy still exceeds $14

24   million. The allegations in Plaintiff's Complaint thus exceed the $5 million minimum

25   jurisdictional threshold required under the CAFA.

26   **JURISDICTION UNDER REGULAR DIVERSITY PRINCIPLES**

27      23.   Removal is also proper independent of CAFA under traditional diversity

28   principles. District courts have original jurisdiction of all civil actions where the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

1  matter in controversy exceeds the sum or value of $75,000 and is between citizens of
2  different states. 28 U.S.C. § 1332(a).  Excluding fraudulently joined defendants, that
3  standard is met in this action.

4  **A.    Complete Diversity Between The Parties**

5        24.    As explained above, Plaintiff and the alleged putative class members are
6  citizens of the State of California. (FAC, ¶¶ 2, 10); 28 U.S.C. § 1332(a)(1) (an
7  individual is a citizen of the state in which he or she is domiciled).  USIS and its
8  parent company, Altegrity, Inc., are also citizens of Virginia and Delaware.  They are
9  not citizens of California.  *See Hertz Corp.,* 559 U.S. 77, 130 S. Ct. at 1186, 1192-94;
10 *Johnson,* 437 F.3d at 899; 28 U.S.C. § 1332(c)(1); (Slagowski Decl., ¶ 2); RJN, Ex. A.

11       25.    Providence Equity Partners, LLC is incorporated in the State of Delaware
12 and has domestic offices in Rhode Island and New York.  (RJN, Exs. B-C; Strauss
13 Decl., ¶ 8).  Providence Equity Partners, LLC is not registered to do business in the
14 State of California and has no offices in California.  RJN, Exs. B-D.  It therefore is not
15 a citizen of California.[4]

16       26.    Plaintiffs Roes 1 through 100 and Defendants Does 1 through 25 are
17 fictitious.  Their citizenship must therefore be disregarded.  *McCabe,* 811 F.2d at
18 1339.   The defendants sued under fictitious names thus have no impact on the
19 diversity of citizenship between the parties in this action.

20       27.    Heidi Nielsen and Michael Mandeblatt reside outside of California and
21 are not residents or citizens of California.  (FAC, ¶¶ 6-7.)

22       28.    Individual defendants Caroline Ashley and Chester Riggins are alleged
23 residents and citizens of California.  (FAC, ¶¶ 4, 5.)   However, their citizenship is
24 irrelevant and must be disregarded because Plaintiff has fraudulently joined them in

25 ───────────────

26 [4] Again, counsel for USIS does not represent Providence Equity Partners, LLC.
   Nothing in this removal paper or USIS' appearance shall in any way constitute an
27 appearance on behalf of or consent to jurisdiction or serve as to Providence Equity
   Partners, LLC or any other defendant.  USIS' statements are made solely on its own
28 behalf.

9.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA  92101 3577
619 232 0441

the FAC in a patent attempt to prevent removal.  (FAC, ¶¶ 4-5 [specifically alleging that their California citizenship bars removal to federal court].).  "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity." *United Computer Sys. v. AT&T Info. Sys.*, 298 F.3d 756, 761 (9th Cir. 2002) (concluding that fraudulently joined individual's citizenship was not relevant for purposes of diversity jurisdiction) (internal quotation omitted); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (holding removal based on diversity of citizenship was proper where plaintiff could not state a claim against individual defendant); *McCabe*, 811 F.2d at 1339 (affirming denial of motion to remand where "[o]n the basis of the complaint alone, the district court could rightly conclude that no cause of action had been stated against" two non-diverse managers).[5] Specifically:

a.     As alleged, Riggins is a manager of USIS and Ashley is a Human Resource Manager.  (FAC, ¶¶ 4-5.)  Neither Riggins nor Ashley are or have ever been officers or directors of USIS.  (Slagowski Decl., ¶ 3.)[6]

b.     Plaintiff's first, second, third, tenth and eleventh claims are claims for unpaid overtime wages and related penalties.  (FAC, ¶¶ 19-48, 79-90.)  Riggins and Ashley cannot be held personally liable in their individual capacity for such claims as a matter of law.  *See Martinez v. Combs*, 49 Cal. 4th 35, 75 (2010) (holding that individuals were not the "employer" and so not liable for alleged wage and hour

---

[5] Nielsen, Mandeblatt, Altegrity and Providence Equity Partners, LLC may also be improperly and/or fraudulently joined.  However, USIS focuses only on the non-diverse defendants for purposes of removal.

[6] In determining whether an individual defendant has been fraudulently joined, the Court may consider information outside the pleadings. *McCabe*, 811 F.2d at 1339; *Williams v. Boston Sci. Corp.*, 2008 U.S. Dist. LEXIS 120569, at *5 (N.D. Cal. May 13, 2008) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

10.

violations under California law);[7] *Reynolds v. Bement*, 36 Cal. 4th 1075, 1087-88 (2005) (holding that corporate agents such as officers and directors cannot be held liable as "employers" in an action for unpaid overtime under California law); *see also Marshall v. Cargill, Inc.*, 2008 U.S. Dist. LEXIS 106165, at *8 (N.D. Cal. 2008) (denying motion to remand based on fraudulent joinder and explaining that "even in the wage-and-hour context, the California Supreme Court has narrowly construed the IWC definition of 'employer' and refrained from imposing individual liability on supervisors"); *Clark v. Chase Home Fin., LLC*, 2008 U.S. Dist. LEXIS 47295, at *6-7 (S.D. Cal. 2008) (denying motion to remand because overtime and other claims asserted against individual manager failed as a matter of law since "corporate agents acting within the scope of their agency are not personally liable for corporate employer's failure to pay its employees' wages") (quoting *Reynolds*, 36 Cal. 4th at 1087-88). Only a corporate entity employer (*i.e.*, USIS) can be held liable for unpaid overtime and derivative penalties. The law barring employees from pursuing claims against individual supervisors and managers is well-established and based on irrefutable California Supreme Court precedent. *See id.* Plaintiff thus had no basis to name Riggins or Ashley on those claims. They are fraudulently pled.[8]

        c.    Plaintiff's fourth, sixth, seventh and eighth claims for age, disability and reserve law enforcement office discrimination are likewise claims that

---

[7] Ironically and erroneously, Plaintiff relies on this same case to support his position that each individual defendant *is* personally responsible for the alleged violations of state labor and employment laws. (*See* FAC, ¶¶ 4-7.)

[8] While Plaintiff can seek to recover damages under Penal Code 496(c) following a finding that this code section has been violated, Plaintiff cannot bring a claim for a violation of the identified Penal Code sections. *See* Cal. Pen. Code § 496 (criminalizing knowing receipt, possession or sale of stolen property); § 684 (noting "criminal action is prosecuted in the name of the people of the State of California, as a party, against the person charged with the offense"). Labor Code section 2699(a) explicitly limits the scope of PAGA to "any provision of *this* [Labor] code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency." (emphasis supplied). As a textual matter, violations of the Penal Code are outside the purview of the Labor Code.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

11.

employees may only pursue against "employers." (FAC ¶¶ 60-65, 62; Cal. Lab. Code § 230.3 (defining anti-discrimination provision as "employer" obligation); Cal. Gov't Code § 12940(a)). Individual defendants cannot be held liable for such claims, even if they allegedly are supervisors, according to established California Supreme Court precedent. *See Jones v. Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1173 (2008) (individual managers and supervisors not liable for retaliation under the California FEHA); *Reno v. Baird*, 18 Cal. 4th 640, 645-46 (1998) (supervisor cannot be sued individually for discrimination under FEHA – persons claiming discrimination under the FEHA may sue and hold liable their employers, but not their individual supervisors; by inclusion of the "agent" language in California Government Code section 12926(d), the Legislature intended only to ensure that employers will be held liable for discriminatory actions of their supervisory employees). Plaintiff has no possible claim against Ashley or Riggins. They are sham defendants intended only to avoid federal court jurisdiction.

d.   Plaintiff's fourth claim for alleged retaliation under California Labor Code section 98.6, too, cannot be pled against individual supervisors or managers as a matter of law. *See* Cal. Lab. Code § 98.6 ("Any employee who is discharged...or in any other manner discriminated against shall be entitled to reinstatement and reimbursement for lost wages and work benefits *caused by those acts of the employer*." (emphasis added); *cf. also Jones*, 42 Cal. 4th at 1173 (FEHA); *Reno*, 18 Cal. 4th at 645-46 (FEHA).

e.   Plaintiff's fifth claim is effectively a challenge to a proposed settlement in *Ricaldai v. US. Investigations Services, LLC*, CV4-10-073 88 DDP (PLAx). Plaintiff essentially seeks to have a new court enjoin another federal judge from approving a class action settlement under Federal Rule of Civil Procedure 23. The claim is not viable at all, let alone viable as against Riggins and Ashley in their individual capacities.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA. 92101 3577
619 232 0441

12.

1    f.  Plaintiff's ninth and twelfth tort claims for libel and intentional

2 infliction of emotional distress, which are apparently based on the alleged wage and

3 hour violations, also cannot be pled against managers for management acts as a matter

4 of law. *See Kacludis v. GTE Sprint Communications*, 806 F. Supp. 866, 872 (N.D.

5 Cal. 1992) (managers' privilege bars tort claims against individual managers and

6 noting that even comments allegedly made "with malice" and "with no reason to

7 believe the statements were true" did not permit suit against managers in their

8 individual capacities); *McCabe*, 811 F.2d at 1339 (under California law, where

9 conduct is alleged to have been in the course of employment, managers' privilege

10 precludes individual liability, even if conduct was also motivated by bias or ill will);

11 *Imperial Ice v. Rossier*, 18 Cal. 2d 33, 36 (1941) (existence of malice or ill will by the

12 manager or agent toward the plaintiff is irrelevant and will not destroy the managers'

13 privilege); *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 80 (1996) (holding

14 that the management of personnel, even with a discriminatory motive, cannot support

15 a claim for intentional infliction of emotional distress). Plaintiff's tort claims against

16 Riggins and Ashley are not viable and are barred as a matter of law.[9]

17    g.  Plaintiff's eleventh and thirteenth claims for unfair business

18 practices and injunctive relief derive from his other claims and thus cannot be pled

19 against Riggins and Ashley for the same reasons. (*See* FAC, ¶ 83); *see Clark*, 2008

20 U.S. Dist. LEXIS 47295, at *7-8 (holding that in the absence of a valid claim for

21 violation of wage law, "[a plaintiff] cannot successfully allege unfair business

22 practices or unfair competition under the Business and Professions Code"); *see also*

23 *Silicon Knights v. Crystal Dynamics*, 983 F. Supp. 1303, 1316 (N.D. Cal. 1997) ("A

24 plaintiff alleging unfair business practices under the unfair competition statutes must

---

25 [9] Plaintiff's intentional infliction of emotional distress claim is also independently

26 barred as a matter of law because it is preempted by the Workers' Compensation Act.

27 *See Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 160 (1987) (the Act preempts claims for emotional distress arising from ordinary personnel actions);

28 *Kacludis*, 806 F. Supp. at 870.

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

state with reasonable particularity the facts supporting the statutory elements of the violation.  Since most of Plaintiff's causes of action fail to state claims for relief against Individual Defendants, there is no underlying basis for the unfair competition claims as alleged against these Defendants.").  In addition, a claim for unfair business practices or injunctive relief as to a company's business practice provides no right of action against an individual manager.  *Clark*, 2008 U.S. Dist. LEXIS 47295, at *7-8 (rejecting the plaintiff's argument that it is possible to assert a claim under section 17200 against an individual manager and concluding manager defendant was fraudulently joined in denying motion to remand).

> h.   Plaintiff's FAC is also almost completely devoid of any factual allegations against Riggins or Ashley, which further shows that Plaintiff improperly named them for the sole purpose of trying to avoid federal removal.  The only time Plaintiff even refers to Riggins and/or Ashley is in a single sentence where he claims that they "illegally... restricted the number of overtime hours the Employer would pay thus forcing [Plaintiff and class members] to work without pay, under threat of termination."  (FAC, ¶¶ 21, 4-7.)  As shown above, claims for overtime cannot be brought against individual managers.  The absence of specific factual allegations shows Riggins and Ashley are fraudulently joined, sham defendants.

> i.   In sum, there is no legal basis or justification for Plaintiff to pursue claims against Riggins and/or Ashley in their individual capacities.  They are sham defendants named solely by Plaintiff to avoid federal jurisdiction.  (*See* Strauss Decl. ¶ 6, Ex. E [12/27/12 letter in which Plaintiffs' counsel concedes attempt to draft lawsuit "in such a way as to avoid removal to the Federal Court"]; Ex. F, at pg. 3:10-11 (wherein Wilson concedes that his "State Court action named individual defendants residing in the state of California, in the hope of avoiding removal to Federal Court"); *see also McCabe*, 811 F.2d 1336, 1339 (9th Cir. 1987) (holding that removal based on diversity jurisdiction was proper because claims were not viable against individual supervisors because they were acting in their management

14.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

1  capacity).)  The Court should disregard Riggins and Ashley's citizenship for purposes
2  of removal.

3       29.    Because Riggins and Ashley, the only non-diverse defendants, are sham
4  defendants, complete diversity is satisfied.

**B.    The Amount In Controversy On The Individual Claims Exceeds $75,000**

6       30.    Where the amount in controversy is not specifically pled in the
7  complaint, courts must look to the facts pled and estimate the amount in controversy,
8  recognizing that what matters is the amount in controversy, not the amount of
9  damages the plaintiff many ultimately recover, if any.  *See Singer v. State Farm Mut.*
10  *Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see also Lewis v. Verizon*
11  *Commc'ns, Inc.*, 627 F.3d 395, 400-01 (9th Cir. 2010) ("The amount in controversy is
12  simply an estimate of the total amount in dispute, not a prospective assessment of
13  defendant's liability."); *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347
14  F.3d 394, 399 (2d Cir. 2003) (recognizing that court should not look to the ultimate or
15  provable amount of damages when determining the amount in controversy, but to the
16  amount plaintiff put in controversy based on his/her allegations); *Korn v. Polo Ralph*
17  *Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (holding that defendant is
18  not required to prove plaintiff's case for her); *Rippee*, 408 F. Supp. 2d at 986 (holding
19  that the proper calculations for establishing the amount in controversy involved "using
20  a combination of Defendant's own numbers and Plaintiff's allegations").   In
21  estimating damages, courts "must assume that the allegations of the complaint are true
22  and assume that a jury will return a verdict for the plaintiff on all claims made in the
23  complaint."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.
24  2d 993, 1001 (C.D. Cal. 2002) (internal quotations omitted).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

31.     Here, based on Plaintiff's own sworn testimony, his alleged overtime damages exceed $86,000. (Strauss Decl., ¶ 6, Ex. E.) ***Standing alone, those damages exceed the $75,000 minimum threshold.***[10]

32.     Independent of his overtime and derivative claims, Plaintiff contends that USIS wrongfully terminated his employment in violation of California's prohibitions on discrimination based on age, disability and/or reserve law enforcement officer status. (FAC, ¶¶ 62, 68, 75.) Remedies for discrimination claims include lost wages. Plaintiff contends that USIS' conduct has prevented him from obtaining new employment. (FAC, ¶ 77.) Plaintiff's lost wages from the 41 weeks from his separation in May 2012 to present at a rate of $23.00 per hour and counting only the 40 hours per week (excluding the alleged unpaid overtime) equal $ 36,800.     If Plaintiff remains unemployed and seeks future lost wages for a total period of just two years, this would add another $92,000 to his damages.

33.     Plaintiff also seeks damages for "negligent and/or intentional infliction of emotional distress, pain and suffering." (FAC, ¶¶ 91-94, FAC Prayer for Relief ¶ 4.)

---

[10]   Plaintiff is seeking to recover penalties under PAGA for the failure to pay overtime on behalf of all California Investigators.  (FAC, ¶¶ 80, 79-83.)  In assessing the amount in controversy with respect to PAGA penalties, the Court properly considers the "aggregation of all PAGA penalties sought by the named plaintiff and the group of aggrieved employees on whose behalf Plaintiff brings suit" and measures that against the $75,000 jurisdictional threshold under 28 U.S.C. § 1332(a). *See Thomas v. Aetna Health of Cal., Inc.*, 2011 U.S. Dist. LEXIS 59377, at *26 (E.D. Cal. June 2, 2011). In other words, "the amount at stake in a PAGA claim is predicated on the total amount of the penalties that can be sought by the aggrieved employees as the proxy for the LWDA." *Id.* at *58 (emphasis in original); *see also Urbino v. Orkin Services of Cal., Inc.*, 2011 U.S. Dist. LEXIS 114746, at *30 (C.D. Cal. Oct. 5, 2011) ("[T]he Court finds that the [PAGA] claims by the aggrieved employees in this action may be aggregated."); *Hernandez v. Towne Park, Ltd.*, 2012 U.S. Dist. LEXIS 86975 (C.D. Cal. June 22, 2012) (aggregating 25% of PAGA penalties); *Lopez v. Ace Cash Express, Inc.*, 2012 U.S. Dist. LEXIS 70051 (C.D. Cal. May 4, 2012) (finding "PAGA plaintiff's claim comprises the common and undivided interest of all aggrieved employees," and thus "all the aggrieved employees' claims may be aggregated to meet the jurisdictional threshold").  PAGA penalties in the amount of $100 per California Investigator for the 253 California Investigators USIS had as of February 1, 2012 for just three pay periods exceeds $75,000 and also establishes a further and independent ground for satisfaction of the $75,000 threshold. *See* Cal. Lab. Code § 2699(f)(2).

LITTLER MENDELSON
A Professional Corporation
551 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

16.

A conservative estimate of the emotional distress damages placed in controversy by Plaintiff's FAC would be $100,000. *See, e.g., Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 58610 (N.D. Cal. July 11, 2008) (noting $200,000 and $122,000 awards for emotional distress in wrongful termination cases); *Watson v. Dep't of Rehab.*, 212 Cal. App. 3d 1271, 1277 (Cal. App. 2d Dist. 1989) (affirming jury verdict of $1.5 million for compensatory damages in employment discrimination case alleging "retaliatory harassment" where the plaintiff's maximum past and future lost earnings were only $383,000 and the rest — over $1 million — was attributed to medical expenses and plaintiff's severe emotional distress); *Iwekaogwu v. City of L.A.*, 75 Cal. App. 4th 803, 821 (1999) (affirming $450,000 award for emotional distress damages based on discrimination and retaliation claims).

34.   Plaintiff also requests treble damages for age and disability discrimination, as well as "punitive damages and sanctions equal to ten times the amount of general and special damages or 25% of the net worth of the Defendant Employer, and parent company." (FAC, Prayer for Relief ¶ 11). It is hard to imagine how a request for ten times Plaintiff's damages or 25% of the net worth of a corporation with many hundreds of California employees does not exceed $75,000.

35.   Attorneys' fees are also available on discrimination claims brought under FEHA, which should be included for purposes of determining the amount in controversy. *See Galt G/S*, 142 F.3d at 1156; *Vasquez v. Arvato Digital Servs., LLC*, 2011 U.S. Dist. LEXIS 69154, *9 (C.D. Cal. June 27, 2011) (explaining that "including unspecified future attorneys' fees in determining the amount in controversy is proper because such fees necessarily accrue until the action is resolved"); *see, e.g., Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1141 (E.D. Cal. 2011) (approving award of $535,700 in attorneys' fees in employment case involving discrimination, retaliation and whistleblowing claims); *Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorneys' fees and costs of $891,042 in unlawful discrimination case).

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA  92101 3577
619 232 0441

36.   In sum, even a conservative estimate of Plaintiff's individual claims, not including punitive damages, totals well in excess of the $75,000 minimum threshold. Removal is therefore proper on traditional diversity grounds, independent of CAFA removal.

37.   It is USIS' understanding that, to date, USIS is the only defendant that has been properly served by Plaintiff.  Accordingly, USIS' removal under 28 U.S.C. section 1332(a) does not require joinder of other Defendants.  *See Destfino v. Reiswig*, 630 F.3d 952, 956, 957 (9th Cir. 2011) (noting that in the context of complete diversity removal, "[a]ll defendants who have been properly served in the action must join a petition for removal… [and that b]ecause none of the non-joining defendants was properly served, their absence from the removal notice did not render the removal defective") (citation omitted).[11]

### NOTICE TO PLAINTIFF

38.   Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, counsel for USIS is serving written notice of the filing on Plaintiff's counsel of record:  John D. Lueck, Law Offices of John D. Lueck, Inc., 8034 Haven Avenue, Suite A, Rancho Cucamonga, CA 91730.  In addition, USIS will file a copy of the Notice of Removal with the clerk of the San Bernardino County Superior Court.

39.   Because USIS has demonstrated satisfaction of all requirements of removal under 28 U.S.C. § 1332(a) and CAFA and has and/or will provide proper

---

[11] However, even assuming that every other defendant had been properly served, they are still sham defendants.  *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988) ("all defendants in a state action must join in the petition for removal, ***except for nominal, unknown or fraudulently joined parties***.  This general rule applies, however, only to defendants properly joined and served in the action… a party not served need not be joined in a petition for removal") (internal citations and quotations removed; emphasis supplied).  Accordingly, and as explained above, no party besides USIS is required to consent to removal under 28 U.S.C. section 1332(a).

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

18.

1  notice of removal, USIS requests the above-entitled action be removed from the San

2  Bernardino County Superior Court.

3  Dated:  March 15, 2013

4

5

6  ROD M. FLIEGEL
   LARA K. STRAUSS
7  JOSHUA D. LEVINE
   LITTLER MENDELSON
8  A Professional Corporation

9  Attorneys for Defendant
   US INVESTIGATIONS SERVICES,
10 LLC.

11 Firmwide:118847716 9 065061.1009

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
561 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

19.

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

# EXHIBIT A

COURTESY COPY

1   JOHN D. LUECK
    Bar Number: 071746
2   Law Offices of John D. Lueck, Inc.
    8034 Haven Ave., Ste. A
3   Rancho Cucamonga, CA 91730
    (909) 484-1963
4
    Attorney for Plaintiff, Class
5   Representative, Private Attorney
    General, Tom P. Wilson,
6   and Proposed Class Members

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           COUNTY OF SAN BERNARDINO, RANCHO CUCAMONGA

10  TOM P. WILSON, and                     )   Case No.:   CIVRSI209924
    ROES One through Twenty Five,          )
11                                         )   CLASS ACTION COMPLAINT FOR
                                           )
12          Plaintiffs, Putative Class     )   1.  FAILURE TO PAY WAGES UNDER
            Representatives and            )       CALIFORNIA LABOR LAW AND IWC
13          Private Attorney General       )       WAGE ORDERS;
                                           )   2.  CONVERSION OF LABOR (Penal Code
14  vs.                                    )       §487);
                                           )   3.  RETALIATION FOR RAISING UNFAIR
15  U.S. INVESTIGATION SERVICES, LLC;      )       WORKING CONDITIONS ISSUES
    CHESTER RIGGINS; CAROLINE              )   4.  AGE DISCRIMINATION UNDER
16  ASHLEY; MICHAEL MANDELBLATT            )       CALIFORNIA FAIR EMPLOYMENT AND
    HEIDI NIELSEN,                         )       HOUSING ACT. Gov. Code § 12900 et seq.
17                                         )   5.  DISABILITY DISCRIMINATION UNDER
    and DOES 1 through 25, inclusive,      )       CALIFORNIA FAIR EMPLOYMENT AND
18                                         )       HOUSING ACT. Gov. Code § 12900 et seq
            Defendants.                    )   6.  SLANDER/LIABLE Civ. Code §§ 45, 46
19                                         )   7.  ENFORCEMENT UNDER THE
                                           )       CALIFORNIA PRIVATE ATTORNEY
20                                         )       GENERAL ACT. Labor Code § 2698 et seq.
                                           )   8.  VIOLATION OF UNFAIR BUSINESSES
21                                         )       PRACTICES ACT, Bus. & Prof. §17200 et se.
                                           )
22                                         )       Demand for Jury Trial
                                           )
23                                         )

24                      JURISDICTION AND VENUE

25  1.   This Class Action, Private Attorney General Act action is brought under California State Law

26       only. It does not state a Cause of Action under any Federal Law, including but not limited to the

27       Federal Fair Labor Standards Act. It asserts causes of action NOT preempted by United States

28       Federal Law, and specifically reserved to the states, per 29 U.S. C. § 218(a) and the Tenth

                            CLASS ACTION COMPLAINT

2.    Amendment.  Plaintiff Wilson by and through his Counsel has complied with Labor Code § 2699.3 and have issued a Letter of Objection in *Ricaldai v. US Investigations Services, LLC,* CV 10-07388 DDP (PLAx) to Plaintiff and Defense Counsel of record in that pending action.

3.    Plaintiff, Tom P. Wilson, Putative Class Representative, Private Attorney General (hereinafter "PLAINTIFF" is a resident of the City of Ontario, County of San Bernardino, State of California. Many of the violations of State Law of which he was the victim of occurred in this jurisdiction, and within the applicable Statutes of Limitations.

4.    PLAINTIFF is informed, believes, and thereon alleges, that Defendant U.S. Investigation Services, LLC (USIS) is a foreign Company licensed to do business in California under Secretary of State Entity Number 200301810088.

5.    PLAINTIFF is informed, believes, and thereon alleges, that Defendant Chester Riggins is a Manager for USIS with a legal address in Irvine, California, and under California Law has personal liability for violation of State Labor Law and Employment Law herein alleged under the holding of *Martinez v. Combs* 49 Cal. 4th 35.  As he is a resident of California there is no diversity of citizenship in this case to permit removal to Federal Court.

6.    PLAINTIFF is informed, believes, and thereon alleges, that Defendant Caroline Ashley, is a Human Resources Manager for Defendant USIS with a legal address in Irvine, Califomia, and under California Law has personal liability for violation of State Labor Law and Employment Law under the holding of *Martinez v. Combs.*  She is a resident of California.

7.    PLAINTIFF is informed, believes, and thereon alleges, that Heidi Nielsen, was PLAINTIFF Wilson's rating Official for USIS.  Michael Mandelblatt was Wilson's direct supervisor, and under California Law they have personal liability for violation of State Labor Law and Employment Law under the holding of *Martinez v. Combs.*  He is a resident of Califomia.

8.    PLAINTIFF is informed, believes, and thereon alleges, that Roes 1 through 25 are current and/or prior employees of Defendant USIS who have suffered similar losses and violations of California Law as have been sustained by Plaintiff Tom P. Wilson.  Upon receiving their specific authorizations, PLAINTIFF's Counsel will amend this Complaint to add them as named Plaintiff, putative Class Representatives and Private Attorney Generals.

CLASS ACTION COMPLAINT

9.    PLAINTIFF is informed, believes, and thereon alleges, that Does 1 through 25 are Defendants who have acted on behalf of Defendant USIS in a management position and who have a duty to know and apply California Wage and Anti-discrimination Laws to all employees of USIS in California for protection of said employees, and under California Law they have personal liability for failing to do so.

FIRST CAUSE OF ACTION:

Failure to Pay Wages, against all Defendants (Labor Code § 216, 510, 1194)

(Industrial Welfare Council Wage Order No. 4-2001)

10.    PLAINTIFF is informed, believes, and thereon alleges, that said defendants have violated California Labor Code and California Industrial Welfare Council Wage Order No. 4-2001, which requires employers to pay their non-exempt Employees for all hours worked, and for overtime hours at specific statutory rates, in excess of California State Minimum Wage per day, week and month for all hours worked.

11.    PLAINTIFF alleges, and is informed that all class members were directly and/or impliedly threatened by said Defendants with termination if they were not able to, or failed to complete assignments within normal working hours, thus requiring the Employees to work unpaid overtime to maintain their employment.

12.    PLAINTIFF alleges, and is informed that all class members would allege that Defendants USIS, and it's management employees Mandelblatt, Nielson, Riggins and Ashley routinely and illegally assigned PLAINTIFF and putative class members cases, tasks, and duties, and deliberate set time goals and limitations inconsistent with the performance of those tasks according to published company policy, and then restricted the number of overtime hours the Employer would pay thus forcing Plaintiffs and each of them to work without pay, under threat of termination. PLAINTIFF and putative class members were thus forced to work many hours each week of unpaid overtime.

13.    PLAINTIFF is informed, believes, and thereon alleges that Defendant USIS is a private company that contracts with United States Federal Government, Office of Personal Management (OPM)

CLASS ACTION COMPLAINT

to conduct detailed, classified Background Investigations on current and prospective Federal Employees relating to their Security Levels. These Investigations included five year renewal cases, and are subject to a detailed protocol requiring set minimum procedures for each investigation. The subject of each investigation is a person entrusted with United States National Security matters. Plaintiffs were hired by reason of their past experience, training and work ethic, which compels them to take this responsibility seriously and to perform their duties despite Defendant's failure and refusal to pay for the time necessary to properly perform their work responsibilities.

14.   PLAINTIFF is informed, believes, and thereon alleges that in California alone, there are more then 200 Employee Investigators class members currently or previously employed by USIS.

15.   PLAINTIFF is informed, believes, and thereon alleges that there are four competing companies in California that do similar service for the OPM.

16.   PLAINTIFF alleges that although Plaintiffs were provided with a Company Car and gas credit card, USIS failed and refused to pay them for travel time required by their assigned cases.

17.   PLAINTIFF alleges that he, and all class members are employees, that meet the definition under California State Law of "Non-exempt", and "Non-management" employees who are entitled to over time hourly pay under 8 CCR §11040, and IWC Wage Order No. 4-2001.

18.   PLAINTIFF is informed and believes and thereon alleges that within the controlling Statute of Limitations, he and each putative class member worked up to 20 hours per week of unpaid overtime. This includes working at home, on the weekends and unpaid travel time. Such hours worked can be substantiated by home phone records, computer log in records, cellular phone records, Company Credit Card receipts and monthly company car mileage records completed by each said Employee.

19.   PLAINTIFF is informed, believes, and thereon alleges that using 20 hours per week of unpaid overtime, and his hourly rate of pay at one and one half time for overtime (excluding double time hours in this calculation) that he is owed not less then $540.00 per week for unpaid overtime, $27,000.00 per year for each year.

20.   PLAINTIFF is informed, believes, and thereon alleges that there are about 200 other putative

CLASS ACTION COMPLAINT

class member Employees with similar claims of $27,000.00 per year for the Statue of Limitations period. Defendant USIS and the other named Defendant employees owe the putative class members at least $10,800,000.00 in unpaid wages, plus Interest, Penalties and Attorney fees. This wage damage figure is subject to modification for class size, verified hours and double time hours worked per State Law and the controlling IWC Wage Order.

## SECOND CAUSE OF ACTION:
### CONVERSION OF LABOR against all Defendants
#### (Penal Code §§ 484, 487)

21.   PLAINTIFF realleges, and incorporates by reference each and every allegation in paragraphs 1 through 19 as though set forth in full.

22.   In addition to being a violation of the State Labor Code and IWC Wage Order failure to pay for all hours worked is a violation of Penal Code §§ 484 and 487, theft of labor.

23.   Under Labor Code ss 2698 et. al. PLAINTIFF and putative Class Representatives can bring an action against the Employer USIS and other Defendants for such theft of labor to recover the value of same and to prevent future violations.

24.   Such remedies include payment of the value of such labor to each class member, victim, payment of interest, penalties and interest plus reasonable Attorney fees.

25.   Such violations of State Penal Code section and other related Statutes also justifies the award of Punitive Damages as defined by State law to punish the Defendants and to make a public example of them to prevent other Employers within the State from violating such wage laws.

## THIRD CAUSE OF ACTION:
### RETALIATION FOR RAISING UNFAIR WORKING CONDITIONS ISSUES WITH EMPLOYER
#### against all Defendants  (Gov. Code § 12900 et seq.)

26.   PLAINTIFF realleges, and incorporates by reference each and every allegation in paragraphs 1 through 24 as though set forth in full.

CLASS ACTION COMPLAINT

27. The California Fair Employment and Housing Act, plus related case law makes it illegal for an Employer to retaliate against and Employee who brings to their attention violations of State Law. PLAINTIFF has exhausted his Administrative Remedies under the Act by requesting a Right to Sue Letter from the DFEH before filing this Suit.

28. On more then one occasion Plaintiff Wilson complained to his USIS Supervisors about the number of hours he and other Employees were compelled to work, due to unreasonable time limitations set by the Employer, through it's Defendant managers and supervisors, including, but not limited to those identified herein.

29. PLAINTIFF is informed, believes, and thereon alleges that Employer USIS terminated PLAINTIFF Wilson in May of 2012, in part, in retaliation for said complaints, and his discussions with other employees expressing similar complaints.

30. Such illegal retaliation termination resulted in direct damages and losses by PLAINTIFF Wilson including but not limited to wages and related benefits.

31. PLAINTIFF Wilson is informed and believes and on that basis alleges that Defendant USIS has a interfered with him obtaining similar employment for prospective employers.

32. PLAINTIFF Wilson is informed and believes and on that basis alleges that Defendant USIS has terminated other Employees, Class members who have raised similar issues with the Employer Defendant.  Such pattern of illegal retaliation entitles PLAINTIFF and putative Class Members to both all lawful damages in an amount according to the proof to a Jury and Injunctive Relief as set by the Court.

FOURTH CAUSE OF ACTION:

AGE DISCRIMINATION UNDER CALIFORNIA FAIR

EMPLOYMENT AND HOUSING ACT

against all Defendants (Gov. Code §12900 et seq.)

33. PLAINTIFF realleges, and incorporates by reference each and every allegation in paragraphs 1 through 30 as though set forth in full.

34. California Fair Employment and Housing Act, Gov. Code § 12900 et seq. makes it illegal for an

CLASS ACTION COMPLAINT

Employer to discriminate in any way against an Employee based on their age if above age 40 years.

35. PLAINTIFF Wilson is above 60 years of age and is informed and believes and on that basis alleges that the Employer Defendant improperly used his age, in part, as a justification for his termination based on his inability to complete cases within the unreasonable time limits set by the Employer.

36. PLAINTIFF Wilson is informed and believes and on that basis alleges that Defendants have used this same illegal rational to terminate, and otherwise discriminate against other putative class member employees based on their age (above 40 years). Besides termination, said discrimination includes, but is not limited to deliberate creation of a hostile work environment, designed to create the fear of termination, to induce compliance with demands for unpaid work, and/or early retirement.

37. As PLAINTIFF, putative class representative and Private Attorney General Wilson will request from the Jury damages in an amount according to the proof, interest, fines and Attorney fees for such violations. Further PLAINTIFF will request injunctive relief from the Court to prevent future violations by the Defendants in protection of class member Employees.

## FIFTH CAUSE OF ACTION: DISABILITY DISCRIMINATION
### UNDER THE CALIFORNIA FAIR HOUSING AND EMPLOYMENT ACT,
against Defendant USIS (Gov. Code § 12900 et.sec.)

38. PLAINTIFF realleges, and incorporates by reference each and every allegation in paragraphs 1 through 36 as though set forth in full.

39. While working as an unpaid, volunteer Reserve Deputy Sheriff for the San Bernardino Sheriff Office, and simultaneously employed by USIS, PLAINTIFF Wilson suffered a serve injury to his ankle. This injury required a cast and rehabilitation to recover from the disability. He also suffered a disability from a serious shoulder injuries which required surgery and months of recovery.

40. Instead of temporally modifying his duties to reasonably accommodate recovery from his

CLASS ACTION COMPLAINT

1   injuries, such as permitting him to do phone interviews, computer research and report reviews,

2   Defendant USIS terminated PLAINTIFF Wilson.

3  41.   PLAINTIFF is informed and believes and on that basis alleges that it is a de facto policy for

4   Defendant USIS to terminate disabled Employees instead of making reasonable

5   accommodations. Defendant USIS failed to relate the degree of disability to the type of services

6   required by PLAINTIFF and other Employees.

7

8                         SIXTH CAUSE OF ACTION

9                 SLANDER/LIABLE (Civ. Code §§ 45, 46)

10                 Against Defendants and each of them

11  42.   PLAINTIFF realleges, and incorporates by reference each and every allegation in paragraphs 1

12   through 41 as though set forth in full.

13  43.   PLAINTIFF is informed, believes, and thereon alleges that Defendants and each of them have

14   made derogatory statements oral, and/or in writing, to prospective future employers, thus

15   interfering with PLAINTIFF's ability to obtain new employment.

16  44.   PLAINTIFF is informed, believes, and thereon alleges that DEFENDANTS have made similar

17   derogatory statements oral, and/or in writing about other putative class members.

18

19       SEVENTH CAUSE OF ACTION AGAINST DEFENDANT USIS

20        ENFORCEMENT UNDER THE CALIFORNIA PRIVATE

21       ATTORNEY GENERAL ACT (Labor Code § 2698 et seq.)

22  45.   PLAINTIFF realleges, and incorporates by reference each and every allegation in paragraphs 1

23   through 44 as though set forth in full.

24  46.   As to Causes of Action One through Six above PLAINTIFF brings them not only as a Class

25   Representative, but as an alternate theory as a Private Attorney General pursuant Labor Code §

26   2698 et. al. and/or C.C.P. § 1021.5, and related case law.  As stated above Plaintiff Counsel has

27   complied with Labor Code §2699.3 and received Right to Sue Letters from the State and Federal

28   Authorities.

                           CLASS ACTION COMPLAINT

47.   Under the Private Attorney General Statutes PLAINTIFF and his Attorney of Record can litigate to protect the rights and interest of other of Defendant USIS Employees and the Public.

48.   In addition to the wages and interest owed to such employees PLAINTIFF seeks fines and penalties permitted by law from Defendants for distribution to such employees within the State of California under the Private Attorney General Act and California Labor Code.

49.   Further on behalf of the State taxing authorities PLAINTIFF as a Qui Tam Party further seeks recovery of State Taxes, Workers Compensation premiums and Unemployment Insurance payments, based on the wages that should have been paid to PLAINTIFF and Class members and which Defendants did not pay.

## EIGHTH CAUSE OF ACTION AGAINST DEFENDANT USIS
## VIOLATION OF UNFAIR BUSINESSES PRACTICES ACT,
### Bus. & Prof. §17200 et seq.

50.   PLAINTIFF realleges, and incorporates by reference each and every allegation in paragraphs 1 through 49 as though set forth in full.

51.   As either a Private Attorney General, or as an actually injured Party, PLAINTIFF asserts this cause of action in the alternative, under the California Business Practices Act; Bus. & Prof. Code §17200.

52.   Defendant USIS competes with other Companies for providing services to the Office of Personnel Management (OPM).

53.   To reduce their charges and costs to OPM and thereby unfairly compete with such other Companies, Defendants illegally failed to pay the full earned wages, State Taxes and related costs for PLAINTIFF and other Employee Class Members, thus artificially reducing USIS expenses.

54.   To equalize the competition and prevent an unfair business advantage PLAINTIFF requests the Court order Defendants to pay all wages and related sums to the Employees, pay all proper State Taxes. Workers Compensation and Unemployment Insurance premiums based on the true value of the Employees labor hours.

CLASS ACTION COMPLAINT

55. Further PLAINTIFF requests the Court to order the Defendant to disgorge all profits earned by the acts of unfair competition, payable to the State of California as required by Law.

56. Order the Defendant to pay to the PLAINTIFF and other Class Representative an appropriate award for such representation services, and order payment of Attorney fees and cost to PLAINTIFFS's Counsel.

WHEREFORE, Plaintiffs pray this court:

1. Certify the proposed Class and appoint Plaintiff as representative thereof, and the undersigned counsel of record to represent the class; and,

2. Award wages, unpaid taxes, and other damages against Defendants based on their violations of the State Labor Code and Industrial Welfare Order 4-200 payable to Plaintiff and each Class Member according to proof; and,

3. Award damages for Defendants various acts of discrimination in violation of the State Fair Employment and Housing Act caused by threat, intimation, and termination; and

4. Award damages for intentional infliction of emotional distress, pain and suffering, according to proof; and,

5. Award damages for conversion, theft of Labor according to proof; and,

6. Award restitution, disgorgement, injunctive relief and all other relief allowed under Cal. Bus. Prof. Code §§ 17200 et seq.

7. Assess prejudgment interest on the damages so awarded and computed above.

8. For punitive damages and sanctions equal to ten times the amount of general and special damages or 25% of the net worth of the Defendant Employer, and parent company, as provided by California Code of Civil Procedure § 1670.5, and §3294, which ever is greater; and,

9. Award to Plaintiffs their attorneys' fees, costs of suit as provided under applicable law (including, but not limited to Labor Code §1194); and,

9. Award against the Defendant all fines, penalties and costs provided for by law, payable as

///

///

CLASS ACTION COMPLAINT

1     required by law; and,

2   10.     Grant such further relief as the Court deems just and proper.

3

4   Dated: December 28, 2012

5                 John D. Lueck, Attorney for Plaintiff, Class Representative, Private Attorney General, Tom P. Wilson, on behalf of himself,

6                 on behalf of all others similarly situated, and on behalf of the General Public as Private Attorney General

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Tom P. Wilson

Case No.

(IVRS1209924

vs.

USIS, et al

CERTIFICATE OF ASSIGNMENT

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the Rancho Cucamonga District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General          [ ] Collection

| | Nature of Action | Ground |
|---|---|---|
| [ ] 1 | Adoption | Petitioner resides within the district. |
| [ ] 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] 3 | Contract | Performance in the district is expressly provided for. |
| [ ] 4 | Equity | The cause of action arose within the district. |
| [ ] 5 | Eminent Domain | The property is located within the district. |
| [ ] 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 9 | Mandate | The defendant functions wholly within the district. |
| [ ] 10 | Name Change | The petitioner resides within the district. |
| [ ] 11 | Personal Injury | The injury occurred within the district. |
| [ ] 12 | Personal Property | The property is located within the district. |
| [ ] 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] 15 | Review | The defendant functions wholly within the district. |
| [ ] 16 | Title to Real Property | The property is located within the district. |
| [ ] 17 | Transferred Action | The lower court is located within the district. |
| [ ] 18 | Unlawful Detainer | The property is located within the district. |
| [ ] 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] 20 | Other  Labor | Work performed within the Jurisdiction |
| [ ] 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

Work performed within the Jurisdiction          2601 South Bon View
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)          ADDRESS

Ontario                    California                          91761
(CITY)                    (STATE)                          (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

12/28/2012                    at  Rancho Cucamonga                          , California

SIGNATURE OF ATTORNEY/PARTY

Tom P Wilson



Superior Court of California
County of San Bernardino
Civil Fee Schedule[1]

**Effective June 27, 2012**



| | | | Code Section(s) | Total Fee Due |
|---|---|---|---|---|

## INITIAL FILING FEES IN CIVIL CASES

| | **UNLIMITED CIVIL CASES** | Code Section(s) | Total Fee Due |
|---|---|---|---|
| 1 | Complaint or other first paper in unlimited civil case (amount over $25,000) including: | CCFP9A | GC 70611 | $435 |
| 2 | Complaint or other first paper in unlawful detainer case over $25,000 | CCFP9A | GC 70611 | $435 |
| 3 | Petition for a writ of review, mandate, or prohibition (other than a writ petition to the appellate division) | CCFP9A | GC 70611 | $435 |
| 4 | Petition for a decree of change of name or gender | CCFP9A | GC 70611 | $435 |
| 5 | Answer or other first paper filed by each party other than plaintiff (amount over $25,000) (including unlawful detainer) | ACFP9A | GC 70612 | $435 |
| 6 | Claim opposing forfeiture of seized property, if value of property is $5,000 or less[2] | | H & S 11488.5(a)(3) | No fee |

| | **LIMITED CIVIL CASES** | | Code Section(s) | Total Fee Due |
|---|---|---|---|---|
| 7 | Complaint or other first paper (amount over $10,000 up to $25,000) | CCPP9A | GC 70613(a) | $380 |
| 8 | Complaint or other first paper in unlawful detainer (amount over $10,000 up to $25,000) | UCPP9A | GC 70613(a), CCP 1161.2 | $395 |
| 9 | Answer or other first paper filed by each party other than plaintiff (amount over $10,000 up to $25,000) (including unlawful detainer) | ALFP9A | GC 70614(a) | $380 |
| 10 | Complaint or other first paper (amount up to $10,000) | CCP9A | GC 70613(b) | $240 |
| 11 | Complaint or other first paper in unlawful detainer (amount up to $10,000) | UCCP9A | GC 70613(b), CCP 1161.2 | $255 |
| 12 | Answer or other first paper filed by each party other than plaintiff (amounts up to $10,000) (including unlawful detainer) | AFP9A | GC 70614(b) | $240 |
| 13 | Amendment of complaint or of other first paper increasing amount at issue from $10,000 or less to more than $10,000 (but not exceeding $25,000) | APPC9 | GC70613.5(a) | $140 |
| 14 | Cross-complaint or amendment of cross-complaint increasing amount at issue from $10,000 or less to more than $10,000 (but not exceeding $25,000) | CCAF9 | GC70613.5(b) | $140 |
| 15 | Amended complaint, cross-complaint, or amended cross-complaint that reclassifies case from limited civil to unlimited civil (CCP 403.060) | ACCOP8 | GC70619 | $140 |
| 16 | Complaint or other first paper within small claims jurisdictional limit filed by assignee of record(with declaration) | CFDL9A | B&P 6322.1(c)(1), GC 70613(b), CCP 116.420 | $196 |

[1] Fee changes pursuant to the Uniform civil Fees and Standard Fee Schedule Act of 2005 (Stats. 2005, ch75 (AB145)), AB1248 (Stats. 2007, ch. 738), SB1407 (Stats. 2008, ch. 311), 2009 Budget Act (Stats. 2009, ch.22, SBX4 13), and SB 857 (Stats. 2010, ch.720), **and SB1021 (Stats. 2012, ch 41)**

[2] If the value of the property is more than $5,000, the filing fee is the fee in GC 70611.

Revised  06/29/12

| | | | Code Section(s) | Total Fee Due |
|---|---|---|---|---|
| | **LIMITED CIVIL CASES (continued)** | | | |
| 17 | Answer or other first paper filed by each party other than plaintiff (case filed by assignee within small claims jurisdictional limit, with declaration) | CRDL9A | B&P 6322.1(c)(1), GC 70614(b), CCP 116.420 | $196 |
| 18 | Amendment of complaint or of other first paper filed by assignee of record increasing amount at issue from within small claims limit to more than $10,000 (but not exceeding $25,000) | ACTL9 | GC70613.5(a) | $184 |
| 19 | Cross-complaint or amendment of cross-complaint in case filed by assignee with declaration, increasing amount at issue from within small claims limit to more than $10,000 (but not exceeding $25,000) | CCTL9 | GC70613.5(b) | $184 |

| | | | Code Section(s) | Total Fee Due |
|---|---|---|---|---|
| | **OTHER  INITIAL FILING FEES (BOTH LIMITED AND UNLIMITED CIVIL CASES)** | | | |
| 20 | Additional fee for case designated as complex (one fee for all plaintiffs) | CXC6 | GC 70616(a) | $1,000 |
| 21 | Additional fee for case designated as complex (for each defendant, up to **$18,000** total for case) | CXCR6 | GC 70616(b) | $1,000 |
| 22 | Complaint, response, or other first paper filed on behalf of public entity (but fee is recoverable with judgment under GC 6103.5) | | GC 6103 | No fee |
| 23 | Amended complaint or amended cross-complaint (other than one that changes amount at time of issue to reclassify case or require fee difference paid in limited civil case under GC70613.5) | | CCP472 | No fee |
| 24 | Action to compel registration of voters | | Elec.2142 | No fee |
| 25 | Request for order to require counting of provisional ballots | | Elec.14310 | No fee |
| 26 | Petition for forfeiture where claim has been filed with district attorney for impounded vehicle | CFIV6 | VC14607.6(e)(4) | $100 |
| 27 | Abstract of judgment rendered from another court (unless filed with an application for order of sale of a dwelling under CCP 704.750 or with an application for order of examination under CCP 708.160) | CAJP9A | GC 70626(b)(2) | $30 |
| 28 | Issuing commission to take deposition out of state under CCP 2026.010 | FOS9A | GC 70626(b)(5) | $30 |
| 29 | Filing and entering award under Workers' Compensation Act | WCAA9A | GC 70626(b)(6) | $30 |

| | | | Code Section(s) | Total Fee Due |
|---|---|---|---|---|
| | **OTHER INITIAL FILING FEES (both Limited and Unlimited Civil Cases)** **DISCOVERY IN OUT-OF-STATE CASE** | | | |
| 30 | Application for subpoena for discovery in out-of-state case (CCP2029.300) | FOS9A | GC70626(b)(5) | $30 |
| 31 | First petition by party for relief in discover dispute related to out-of-state case (CCP 2029.610(a), CCP 2029.620(c)(1)) | CCFP9A | GC70611 | $435 |
| 32 | First petition by non-party for relief in discovery dispute related to out-of-state case (CCP 2029.610(a), CCP 2029.620(e)(2)) | COSP | GC 70626(c) | $80 |
| 33 | Subsequent petition by party for relief in discovery dispute related to out-of-state case (where first appearance fee was previously paid) (CCP 2029.620(c)(1)) | CMP6 | GC 70617(a) | $60 |
| 34 | Subsequent petition by non-party for relief in discovery dispute related to out-of-state case (where fee under GC70926(c) was previously paid) (CCP 2029.620(c)(2)) | CMP6 | GC 70617(a) | $60 |
| 35 | Response to party to petition for relief in discovery dispute related to out-of-state case (where first appearance fee was not previously paid) (CCP 2029.610(c)) | ACFP9A | GC 70612 | $435 |

Revised  06/29/12

### SUMMONS
### (CITACION JUDICIAL)



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
U.S. INVESTIGATION SERVICES, LLC; CHESTER RIGGINS;
CAROLINE ASHLEY; MICHAEL MANDELBLATT; HEIDI NIELSEN
and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Tom P. Wilson and ROES One through Twenty Five

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: *(Número del Caso):* |
|---|---|
| | CIVRS1209924 |

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California
8303 N. Haven Ave.
Rancho Cucamonga, CA  91730

**COURTESY COPY**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

John D. Lueck                          John D. Lueck, Inc., APC
8034 Haven Ave., Suite A               (909) 484-1963
Rancho Cucmaonga, CA  91730

DATE:                                  Clerk, by _____, Deputy
*(Fecha)*  DEC 2 8 2012                *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under:  ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Tom P Wilson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT
8303 NORTH HAVEN AVENUE
RANCHO CUCAMONGA, CA 91730

CASE NO: CIVRS1209924

http://www.sb-court.org

IN RE: TOM WILSON -V- U.S. INVESTIGATION SERVICES, ETAL

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF OSC:SERVICE OF SUMMONS AND COMPLAINT
NOTICE OF CASE MANAGEMENT CONFERENCE

TO THE DEFENDANT/PARTY SERVED: The dates below DO NOT increase the
time you have to respond to the Complaint filed against you. The time
for your response is stated on the "Summons".

PLAINTIFF PLEASE TAKE NOTICE:This case has been assigned to:
JANET M FRANGIE
FOR ALL PURPOSES;that the above-entitled case has been set for an
Order to Show Cause(OSC) why the case should not be dismissed for
failure to serve the Summons and Complaint; and a Case Management
Conference (CMC). A COPY OF THIS NOTICE MUST BE SERVED ON ALL
DEFENDANTS
The OSC:SERVICE OF SUMMONS AND COMPLAINT is set for 03/28/13 at
 8:30 in department R11
If "Proof of Service" of the Summons and Complaint has been filed 10
court days prior to the hearing, no appearance is required and the
hearing will be vacated.

The Case Management Conference is set for 05/31/13 at  8:30 in
Department R11
File your CMC Statement with the court 15 calendar days prior to the
hearing. Failure to appear may result in monetary sanctions and/or
dismissal of your case. The advance jury fees of $150 per party is NON
REFUNDABLE and must be deposited on or before the date scheduled for
the CMC. (CCP631)

Stephen H. Nash, Clerk of the Court
Date: 12/28/12                              By: ROXIE REA
                    CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:
( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

DATE OF MAILING: 12/28/12
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 12/28/12 at Rnch Cucamonga, CA  By: ROXIE REA
notice: NCMCT1 action: cmc

COURTESY COPY



Presented by the
Judicial Council of California
And the
State Bar of California

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorneys' fees, and expert fees can be saved.

- **ADR can permit more participation.** The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.** This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

Revised 01-04-12

- **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

- **MEDIATION**

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- **ARBITRATION**

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medial reports and bills and business records), rather than testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- **CASE EVALUATION**

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210,** or

- Contact the **local bar association**, or

- Look in the **Yellow Pages** under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

Revised 01-04-12

Superior Court of California
County of San Bernardino



# CONTRACTED MEDIATION SERVICE PROVIDERS

The following mediation service providers are under contract with the County of San Bernardino to provide the listed alternate dispute resolution (ADR) services under referral by the Court at no or low cost.  The contractors may also provide additional mediation services outside of their contracts with the County.

*Landlord-tenant, Unlawful Detainer, Small Claims:*

**Inland Fair Housing and Mediation Board**
Program Director: Lynne Anderson, Executive Director
City Center Building
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga,  CA 91730
TEL (909) 984-2254, or (800) 321-0911
FAX (909) 460-0274
WEB www.inmedbd.com

*Civil & Family Law (except custody and support):*

**Inland Fair Housing and Mediation Board**
Program Director: Lynne Anderson, Executive Director
City Center Building
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga,  CA 91730
TEL (909) 984-2254, or (800) 321-0911
FAX (909) 460-0274
WEB www.inmedbd.com

Revised 01-04-12

**Accommodations For Persons With Disabilities Using Court Facilities**

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court, rule 1.00 (former rule 989.3) to implement the ADA in the state court system.

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the Request for Accommodations by Persons with Disabilities (judicial Council Form MC-410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a Judicial officer, or a written waiver of confidentiality is received from the requestor.

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterprise/accessibility/main.html These tools convert PDF documents into either HTML or ASCII text that can be read by many screen-reading programs.

For further information and forms:

**Jurors**: Please contact the Jury Services Office at (909) 884-1858.

**Others**: Please contact the court's ADA Coordinator at sprentiss@sb-courts.org

**Court employees**:  To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with Ada issues, refer to the courts intranet site www.sb-court.org

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 708-8745.

Request for Accommodation Instruction Sheet (Non Fillable Form and Rule of Court 1)
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/ADA-Persons-With-Disabilities-MC410QA.pdf

Request for Accommodation Form Fillable Version (MC-410)
http://www.courts.ca.gov/documents/mc410.pdf

Q&A on Rule of Court 1.100
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/Requestsforaccommodationsbypersonswithdisabilities.pdf
Access and Fairness Advisory Flyer
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/ProvidingDisabilityAccommodations.pdf

John D. Lueck 071746
John D. Lueck, Inc., APC
8034 Haven Ave., Suite A
Rancho Cucmaonga, CA  91730
TELEPHONE NO (909) 484-1963   FAX NO (909) 481-4593
ATTORNEY FOR (Name) Tom P. Wilson, Putative Class Rep.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS 8303 N. Haven Ave.
MAILING ADDRESS
CITY AND ZIP CODE Rancho Cucamonga, CA  91730
BRANCH NAME Rancho Cucamonga

CASE NAME: WIlson v. USIS

DEC 2 8 2017

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [X] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | JUDGE  CIVRS1209924 |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [X] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): 8
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 12/28/2012

John D. Lueck
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Tom P Wilson

# EXHIBIT B

POS-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):*
Law Offices of John D. Lueck, Inc, APC
8034 Haven Ave. Suite A
Rancho Cucamonga, CA 91730

TELEPHONE NO.: (909) 484-1963   FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:   Plaintiff Tom P. Wilson

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Bernardino
STREET ADDRESS: 8303 Haven Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Rancho Cucamonga, CA 91730
BRANCH NAME: Rancho Cucamonga District

PLAINTIFF/PETITIONER:   Tom P. Wilson

DEFENDANT/RESPONDENT:   U.S. Investigations Services et al.

FOR COURT USE ONLY

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

FEB 1 5 2013

BY _____
LEANDRA HENDRIX, DEPUTY

CASE NUMBER:
CIVRS1209924

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

ORIGINAL

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents)*: First Amended Summons and First Amended Complaint; Notice of Case Assignment, Case Management Conf.
3. a. Party served *(specify name of party as shown on documents served)*:
   U.S. Investigations Services, LLC

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*: person refused to open door or identify self.  Suite 340 slid under door and mailed
4. Address where the party was served:
   2171 Campus Drive, Suite 340, Irvine, CA 92612-1473
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                        (2) at *(time)*:
   b. ☒ **by substituted service.** On *(date)*: 02/14/13   at *(time)*: 1:15 pm   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      refused to identify

      (1) ☒ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: 02/14/13   from *(city)*: Rancho Cucamonga   or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2

Code of Civil Procedure, § 417.10

Tom P. Wilson

PLAINTIFF/PETITIONER: Tom P.    lson

DEFENDANT/RESPONDENT: U.S. Investigations Services

NUMBER: CIVRS1209924

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)*:                               (2)    from *(city)*:
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
        to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)* :
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify)* :
      under the following Code of Civil Procedure section:
      ☐ 416.10 (corporation)                          ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)                  ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)      ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)           ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)                        ☐ 415.46 (occupant)
                                                      ☒ other:  Limited Liability Company

7. **Person who served papers**
   a. Name: J. Steven Davis
   b. Address: 8034 Haven Avenue, Suite A, Rancho Cucamonga, CA 91730
   c. Telephone number: (909) 484-1963
   d. The fee for service was: $
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☒ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ registered California process server:
          (i) ☐ owner  ☐ employee  ☐ independent contractor.
          (ii) Registration No.:
          (iii) County:

8. ☒ **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**
   or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: February 14, 2013

J. STEVEN DAVIS
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ J. Steven Davis
(SIGNATURE)

Tom P. Wilson

# EXHIBIT C

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

JAN 2 3 2013

BY: _____
KARIM BENAVIDES, DEPUTY

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
U.S. INVESTIGATIONS SERVICES, LLC; ALTEGRITY, INC., PROVIDENCE EQUITY
PARTNERS, LLC, CHESTER RIGGINS; CAROLINE ASHLEY; MICHAEL
MANDELBLATT;  HEIDI NIELSEN, and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
TOM P. WILSON, and ROES One through six hundred
inclusive            First Amended Complaint

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: (Número del Caso): |
|---|---|
| (El nombre y dirección de la corte es): | CIVRS1209924 |

Superior Court of California
8303 N. Haven Ave.
Rancho Cucamonga, CA  91730

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
John D. Lueck                    John D. Lueck, Inc., APC
8034 Haven Ave., Suite A          (909) 484-1963
Rancho Cucmaonga, CA  91730

| DATE: | JAN 2 3 2013 | Clerk, by | KARIM BENAVIDES | , Deputy |
|---|---|---|---|---|
| (Fecha) | | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): U.S. Investigations Services,LLC
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☑ other (specify): LLC
4. ☐ by personal delivery on (date): 2-13-13

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Tom P Wilson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT
8303 NORTH HAVEN AVENUE
RANCHO CUCAMONGA, CA  91730   DEC 28 2012

CASE NO: CIVRS1209924

http://www.sb-court.org
IN RE: TOM WILSON -V- U.S. INVESTIGATION SERVICES, ETAL

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF OSC:SERVICE OF SUMMONS AND COMPLAINT
NOTICE OF CASE MANAGEMENT CONFERENCE

TO THE DEFENDANT/PARTY SERVED: The dates below DO NOT increase the
time you have to respond to the Complaint filed against you. The time
for your response is stated on the "Summons".

PLAINTIFF PLEASE TAKE NOTICE:This case has been assigned to:
JANET M FRANGIE
FOR ALL PURPOSES;that the above-entitled case has been set for an
Order to Show Cause(OSC) why the case should not be dismissed for
failure to serve the Summons and Complaint; and a Case Management
Conference (CMC). A COPY OF THIS NOTICE MUST BE SERVED ON ALL
DEFENDANTS
The OSC:SERVICE OF SUMMONS AND COMPLAINT is set for 03/28/13 at
8:30 in department R11
If "Proof of Service" of the Summons and Complaint has been filed 10
court days prior to the hearing, no appearance is required and the
hearing will be vacated.

The Case Management Conference is set for 05/31/13 at  8:30 in
Department R11
File your CMC Statement with the court 15 calendar days prior to the
hearing. Failure to appear may result in monetary sanctions and/or
dismissal of your case. The advance jury fees of $150 per party is NON
REFUNDABLE and must be deposited on or before the date scheduled for
the CMC. (CCP631)

Stephen H. Nash, Clerk of the Court
Date: 12/28/12                              By: ROXIE REA

CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:
( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

DATE OF MAILING: 12/28/12
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 12/28/12 at Rnch Cucamonga, CA  By: ROXIE REA
notice: NCMCT1 action: cmc

1  JOHN D. LUECK
   Bar Number: 071746
2  Law Offices of John D. Lueck, Inc.
   8034 Haven Ave., Ste. A
3  Rancho Cucamonga, CA 91730
   (909) 484-1963
4
   Attorney for Plaintiff, Class
5  Representative, Private Attorney
   General, Tom P. Wilson,
6  and Proposed Class Members

7

8

9        SUPERIOR COURT OF THE STATE OF CALIFORNIA

10     COUNTY OF SAN BERNARDINO, RANCHO CUCAMONGA

11  TOM P. WILSON, and              )  Case No.: CIVRS1209924
    ROES One through six hundred,   )
12  inclusive,                      )  FIRST AMENDED CLASS ACTION
                                    )  COMPLAINT FOR:
13         Plaintiffs, Putative Class )
14         Representatives and       )  1.  FAILURE TO KEEP TIME RECORDS
           Private Attorney General  )      AND PAY WAGES, IWC ORDER No. 4-
                                    )      2001, and1 Labor Code §§ 216, 510, 1194;
15  vs.                             )  2.  CONVERSION OF LABOR, Pen. Code §§
                                    )      484, 487 and 496;
16  U.S. INVESTIGATIONS SERVICES, LLC; )  3.  FAILURE TO TIMELY PAY WAGES,
    ALTEGRITY, INC., PROVIDENCE     )      Lab. Code §§ 201 - 203
17  EQUITY PARTNERS, LLC, CHESTER   )  4.  RETALIATION FOR RAISING UNFAIR
    RIGGINS; CAROLINE ASHLEY;       )      WORKING CONDITIONS ISSUES Lab
18  MICHAEL MANDELBLATT; HEIDI      )      Code §§ 98.6 and 1198.3:
    NIELSEN, and DOES 1 through 25, )  5.  DECLARATORY RELIEF, Code of Civ.
19  inclusive,                      )      Pro. §1060, for Illegal waiver of wage
                                    )      claims, Lab. Code §§ 206.5; 1194;
20              Defendants.         )  6.  AGE DISCRIMINATION UNDER Gov.
                                    )      Code § 12900 et seq.;
21                                  )  7.  DISABILITY DISCRIMINATION Gov.
                                    )      Code § 12900 et seq.;
22                                  )  8.  DISCRIMINATION AGAINST A
                                    )      RESERVE LAW ENFORCEMENT
23                                  )      OFFICERLab. Code §§ 230.3, 230.4
                                    )  9.  SLANDER/LIABLE Civ. Code §§ 45, 46;
24                                  )  10. ENFORCEMENT UNDER THE  CALIF.
                                    )      PRIVATE ATTORNEY GENERAL ACT,
25                                         Labor Code § 2698 et seq.
                                       11. VIOLATION OF UNFAIR BUSINESSES
26                                         PRACTICES ACT, UNFAIR COMP., Bus.
                                           & Prof. §17200 et seq.
27                                     12. INFLICTION OF EMOTIONAL
                                           DISTRESS Civ. Code § 1714
28                                     13. INJUNCTIVE RELIEF Code Civ. Pro.§ 526
                                           **Demand for Jury Trial**

FIRST AMENDED CLASS ACTION COMPLAINT

JURISDICTION AND VENUE

1. This Class Action, Private Attorney General Act action is brought under California State Law only. It does not state a Cause of Action under any Federal Law, including but not limited to the Federal Fair Labor Standards Act. It asserts causes of action NOT preempted by United States Federal Law, and specifically reserved to the states, per 29 U.S. C. § 218(a) and the Tenth Amendment. Plaintiff TOM P. WILSON (hereinafter "PLAINTIFF and/or WILSON) by and through his Counsel has complied with Labor Code § 2699.3, and have issued a Letter of Objection in *Ricaldai v. U.S. Investigations Services, LLC,* CV 10-07388 DDP (PLAx) to Plaintiff and Defense Counsel of record in that pending action. This lawsuit sets forth causes of action, time periods and classes of employees not covered by the *Ricaldai* action and proposed settlement.

2. Plaintiff WILSON, Putative Class Representative, Private Attorney General" is a resident of the City of Ontario, County of San Bernardino, State of California. Many of the violations of State Law of which he was the victim occurred in this jurisdiction, and within the applicable Statutes of Limitations.

3. PLAINTIFF is informed, believes, and thereon alleges, that Defendant U.S. Investigations Services, LLC (USIS) is a foreign Company licensed to do business in California under Secretary of State Entity Number 200301810088. Defendant Altegrity, Inc. (ALTEGRITY) is the parent corporation of USIS and is a foreign corporation licensed to do business in California, under Corporation Number C1974190. It has a California address of 5151 California Ave. Irvine, CA 92617. Defendant Providence Equity Partners, LLC (PROVIDENCE) is the majority owner of ALTEGRITY and has an address at 10250 Constellation, Suite 2062, Los Angeles, CA 90067.

4. PLAINTIFF is informed, believes, and thereon alleges, that Defendant Chester Riggins is a Manager for USIS with a legal address in Irvine, California, and under California Law has personal liability for violation of State Labor Law and Employment Law herein alleged under the holding of *Martinez v. Combs* 49 Cal. 4th 35. As he is a resident of California there is no diversity of citizenship in this case to permit removal to Federal Court.

5. PLAINTIFF is informed, believes, and thereon alleges, that Defendant Caroline Ashley, is a

FIRST AMENDED CLASS ACTION COMPLAINT

1    Human Resources Manager for Defendant USIS with a legal address in Irvine, California, and

2    under California Law has personal liability for violation of State Labor Law and Employment

3    Law under the holding of *Martinez v. Combs (infra.)*. She is a resident of California.

4    6.    PLAINTIFF is informed, believes, and thereon alleges, that Heidi Nielsen, was WILSON'S

5    rating Official for USIS and under California Law has personal liability for violation of State

6    Labor Law and Employment Law under the holding of *Martinez v. Combs*. Although she may

7    not have been a California resident during the times alleged, she performed at least some of the

8    tortuous acts alleged herein within the State of California.

9    7.    PLAINTIFF is informed, believes, and thereon alleges, that Michael Mandelblatt was

10   WILSON'S direct supervisor, and under California Law has personal liability for violation of

11   State Labor Law and Employment Law under the holding of *Martinez v. Combs*. Although he

12   may not have been a California resident during the times alleged, he performed at least some of

13   the tortuous acts alleged herein within the State of California.

14   8.    PLAINTIFF is informed, believes, and thereon alleges, that Roes 1 through 600 are current

15   and/or former employees of Defendant USIS who have suffered similar losses and violations of

16   California Law as have been sustained by Plaintiff, WILSON which are outside the scope of the

17   *Ricaldai* action and proposed settlement. Upon receiving their specific authorizations, Plaintiff's

18   Counsel will amend this Complaint to add them as named Plaintiffs, putative Class

19   Representatives and Private Attorneys General.

20   9.    PLAINTIFF is informed, believes, and thereon alleges, that Does 1 through 25 are Defendants

21   who have acted on behalf of Defendants USIS, ALTEGRITY, and PROVIDENCE in a

22   management position and who have a duty to know and apply California Wage and Anti-

23   discrimination Laws to all employees of USIS in California for protection of said employees, and

24   under California Law they have personal liability for failing to do so.

25   / / /

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

CLASS ACTION ALLEGATIONS

10. PLAINTIFF brings this class action on behalf of the following defined "class": All investigators employed by USIS, in California, who are, or were employed during times specified herein.

11. PLAINTIFF is informed, believes, and thereon alleges that the number of investigators exceeds 25, and may exceed 600. Putative class members are therefore so numerous that joinder of all such members would be impractical.

12. PLAINTIFF is informed, believes, and thereon alleges that his claims are typical of the other putative class members, in that he was subjected to the same the company policies as other investigators, including but not limited to: refusal to pay for travel time, refusal to pay for overtime in excess of 40 hours per week, and other claims specifically identified herein.

13. A class action is the most efficient and fair method of adjudicating the claims of the numerous individuals identified as proposed class members.

14. PLAINTIFF will fairly and adequately protect the interests of the proposed class members, and has experienced council.

15. Common questions of law and fact exist as to all proposed class members and predominate over any questions affecting individuals.

16. Common issues of law and fact include:

    a.    Whether Defendant systematically failed to pay for travel time for all proposed class members; and,

    b.    Whether Defendant systematically failed to pay over time; and,

    c.    Whether proposed class members suffered damages.

17. PLAINTIFF knows of no difficulty or reason that would preclude this litigation from proceeding as a class action.

18. The names and addresses are known to Defendants herein. Notice will be provided to proposed class members by U.S. mail, or otherwise, by internet, email, and website.

///

FIRST AMENDED CLASS ACTION COMPLAINT

FIRST CAUSE OF ACTION:

FAILURE TO MAINTAIN TIME RECORDS, AND PAY WAGES

RECORDS, AGAINST ALL DEFENDANTS

(Labor Code § 216, 510, 1194; Industrial Welfare Council Wage Order No. 4-2001)

19.     PLAINTIFF is informed, believes, and thereon alleges, that said defendants have violated California Labor Code and California Industrial Welfare Council Wage Order No. 4-2001, which requires employers maintain accurate time records for all hours worked by their employees and to pay their non-exempt Employees for all hours worked, and for overtime hours at specific statutory rates, in excess of California State Minimum Wage per day, week and month for all hours worked.

20.     PLAINTIFF is informed, believes, and thereon alleges that all class members were directly and/or indirectly threatened by said Defendants with termination if they were not able to, or failed to complete assignments within USIS set deadlines, thus requiring the Employees to work unpaid overtime to maintain their employment.  In an attempt to shield these illegal demands, USIS failed to keep the time records required by California State Law.

21.     PLAINTIFF is informed, believes, and thereon alleges that all class members would allege that Defendants USIS, and it's management employees Mandelblatt, Nielson, Riggins and Ashley routinely and illegally assigned PLAINTIFF and putative class members cases, tasks, and duties, and deliberate set completion time requirements and limitations inconsistent with the performance of those tasks according to published company and United States Government policy, and then restricted the number of overtime hours the Employer would pay thus forcing Plaintiffs and each of them to work without pay, under threat of termination.  PLAINTIFF and putative class members were thus forced to work many hours each week of unpaid overtime.

22.     PLAINTIFF is informed, believes, and thereon alleges that such hours worked will be reflected in the USIS internal computer system and emails to and from employees.

23.     PLAINTIFF is informed, believes, and thereon alleges that Defendant USIS is a private company that contracts with United States Federal Government, Office of Personal Management (OPM) pursuant to Department of Defense Directive No. 5220.6, to conduct detailed, classified

1    Background Investigations on current and prospective Federal Employees, and others seeking,

2    or employed in private industry requiring Secret and Top Secret Security Clearance.  These

3    Investigations included are subject to a detailed protocol requiring set minimum procedures for

4    each investigation using a 130 page SF 86.  PLAINTIFF and putative class members then have

5    to prepared long, detailed reports and transmit it to USIS. The subject of each investigation is

6    a person entrusted with United States National Security matters.  Plaintiffs were hired by reason

7    of their past experience, training and work ethic, which compels them to take this responsibility

8    seriously and to perform their duties despite Defendant's failure and refusal to pay for the time

9    necessary to properly perform their work responsibilities.

10   24.   PLAINTIFF is informed, believes, and thereon alleges that a USIS employee's failure to perform

11        the actual required duties, and comply with DOD/OPM investigation protocols exposes them to

12        Felony criminal liability under 18 USC § 1001.

13   25.   PLAINTIFF is informed, believes, and thereon alleges that to date, six private company

14        background investigators have been prosecuted for such violations.

15   26.   PLAINTIFF is informed, believes, and thereon alleges that in California alone, there are about

16        400 Employee Investigators class members currently or previously employed by USIS, since

17        December 2008.

18   27.   PLAINTIFF is informed, believes, and thereon alleges that there are at least four competing

19        companies in California that do similar service for the OPM.

20   28.   PLAINTIFF alleges that although Plaintiffs were provided with a Company Car and gas credit

21        card, USIS failed and refused to pay them for travel time required by their assigned cases or

22        maintain time records of such travel, and that each such employee could not legally perform their

23        required investigation without such travel.

24   29.   PLAINTIFF is informed, believes, and thereon alleges that he, and all class members are

25        employees, that meet the definition under California State Law of "Non-exempt", and "Non-

26        management" employees who are entitled to over time hourly pay under 8 CCR §11040, and

27        IWC Wage Order No. 4-2001.

28   30.   PLAINTIFF is informed and believes and thereon alleges that within the controlling Statute of

FIRST AMENDED CLASS ACTION COMPLAINT

1    Limitations, he and each putative class member worked up to 10 - 20 and sometimes more hours

2    per week of unpaid overtime to complete the written reports. This includes working at home, on

3    weekends and unpaid travel time. Such hours worked can be substantiated by the written reports

4    in possession of USIS for each class member, home phone records, computer log in records,

5    cellular phone records, Company Credit Card receipts and monthly company car mileage records

6    completed by each such Employee.

7  31.    PLAINTIFF is informed, believes, and thereon alleges that said records have never been used

8    to create the employee time records required by State Law.

9  32.    PLAINTIFF is informed, believes, and thereon alleges that using 20 hours per week of unpaid

10    overtime, and his hourly rate of pay at one and one half time for overtime (excluding double time

11    hours in this calculation) that he is owed $540.00 per week for unpaid overtime, or $27,000.00

12    per year for each year.

13  33.    PLAINTIFF is informed, believes, and thereon alleges that there are about 600 other putative

14    class member Employees with similar claims of $27,000.00 per year for the Statue of Limitations

15    period. Defendant USIS and the other named Defendants owe the putative class members at

16    least $10,800,000.00 in unpaid wages, plus Interest, Penalties and Attorney fees. This wage

17    damage figure is subject to modification for class size, verified hours and double time hours

18    worked per State Law and the controlling IWC Wage Order.

19

20                     SECOND CAUSE OF ACTION:

21          CONVERSION OF LABOR AGAINST ALL DEFENDANTS

22               (Penal Code §§ 484, 487, 496c)

23  34.    PLAINTIFF realleges, and incorporates by reference each and every allegation in paragraphs 1

24    through 33 as though set forth in full.

25  35.    PLAINTIFF is informed, believes, and thereon alleges that Defendants systematically violated

26    State Labor Code and IWC Wage Order failure to pay for all hours worked.

27  36.    PLAINTIFF is informed, believes, and thereon alleges that Defendants also systematically

28    violated Penal Code §§ 484, 487 and 496c, theft of labor, possession of stolen property by

1   obtaining the PLAINTIFF and Class Members written reports but not paying the actual value of

2   such reports.  USIS obtained and retained the stolen reports which they received through fraud

3   and/or Deceit.

4   37.   PLAINTIFF is informed, believes, and thereon alleges that Defendants deliberately concealed

5   these felony Penal Code violations by failing to maintain and deliver time records of actual hours

6   worked to it's employees.

7   38.   Under Labor Code ss 2698 et seq., PLAINTIFF and putative Class Representatives can bring an

8   action against the Employer USIS and other Defendants for such theft of labor to recover the

9   value of same and prevent future violations by injunctive relief.

10  39.   Such remedies include an order of this Court for creation of past time records and use of time

11  records in the future, payment of the value of such labor to each class member, victim, payment

12  of interest, penalties and interest plus reasonable Attorney fees.

13  40.   Such violations of State Penal Code section and other related Statutes also justifies the award of

14  Punitive Damages as defined by State law to punish the Defendants and to make a public

15  example of them to prevent other Employers within the State from violating such wage laws.

16  Under Penal Code § 496 (c),  PLAINTIFF and putative class members are entitled to treble

17  damages from USIS for retaining the reports without paying the full price for the reports to

18  Plaintiffs.

19  41.   As injunctive relief PLAINTIFF prays that while the case is pending USIS be ordered to return

20  the original and all copies of every report completed by PLAINTIFF and putative class members

21  or lodge them with the Court in a sealed condition, until their full value is determined and paid

22  to the PLAINTIFF and putative class members by USIS and/or other Defendants herein.  This

23  requested order is limited to USIS and all named Defendants.  It is NOT intended to include the

24  United States Government, OPM, or any other agency thereof.

25  ///

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

THIRD CAUSE OF ACTION:

FAILURE TO TIMELY PAY WAGES AGAINST ALL DEFENDANTS

(California Labor Code §§ 201 - 203)

42.   PLAINTIFF realleges, and incorporates by reference each and every allegation in paragraphs 1 through 41 as though set forth in full.

43.   The class period includes claim beginning three years prior to filing.

44.   California Labor Code § 201(a) provides in pertinent part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

45.   California Labor Code § 202(a) provides in pertinent part: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter..."

46.   By their failure to pay wages as alleged herein, Defendants violated California Labor Code §§ 201 - 202.

47.   Said failure pay wages was wilful and deliberate.

48.   Putative class members previously employed, but not currently employed by Defendants are entitled to recover under the penalty provisions of California Labor Code § 203, in addition to all wages otherwise unpaid.


FOURTH CAUSE OF ACTION:

RETALIATION FOR RAISING UNFAIR WORKING CONDITIONS ISSUES WITH EMPLOYER

AGAINST ALL DEFENDANTS  (California Labor Code §§ 98.6 & 1198.3)

49.   PLAINTIFF realleges, and incorporates by reference each and every allegation in paragraphs 1 through 48 as though set forth in full.

50.   The California Fair Employment and Housing Act, plus related case law makes it illegal for an Employer to retaliate against and Employee who brings to their attention violations of State Law. PLAINTIFF has exhausted his Administrative Remedies under the Act by requesting a Right to Sue Letter from the DFEH before filing this Suit.

FIRST AMENDED CLASS ACTION COMPLAINT

51. On more then one occasion PLAINTIFF WILSON complained to his USIS Supervisors about the number of hours he and other Employees were compelled to work, due to unreasonable time limitations set by the Employer, and Defendants failure to maintain actual time records through it's Defendant managers and supervisors, including, but not limited to those identified herein.

52. PLAINTIFF is informed, believes, and thereon alleges that Employer USIS terminated PLAINTIFF WILSON in May of 2012, in part, in retaliation for said complaints, and his discussions with other employees expressing similar complaints.

53. Such illegal retaliation termination resulted in direct damages and losses by PLAINTIFF WILSON including but not limited to wages and related benefits.

54. PLAINTIFF is informed, believes, and thereon alleges that Defendant USIS has interfered with him obtaining similar employment for prospective employers through false and misleading derogatory remarks and statements about work performance.

55. PLAINTIFF is informed, believes, and thereon alleges that Defendant USIS has terminated other Employees, Class members who have raised similar issues with the Employer Defendant. Such pattern of illegal retaliation entitles PLAINTIFF and putative Class Members to both all lawful damages in an amount according to the proof to a Jury and Injunctive Relief as set by the Court.

## FIFTH CAUSE OF ACTION:

### DECLARATORY RELIEF FOR ILLEGAL RELEASE OF

### WAGE CLAIMS AGAINST ALL DEFENDANTS

(California Code of Civil Procedure §1060, and Labor Code §§ 206.5; 1194)

56. PLAINTIFF realleges, and incorporates herein by reference each and every allegation in paragraphs 1 through 55 as though set forth in full.

57. Under Labor Code §§ 206.5 and 1194 and relevant case law, it is illegal to demand a waiver from an employee for wage claims, except for a "good faith dispute" over wages owed.

58. PLAINTIFF is informed, believes, and thereon alleges the proposed *Ricaldai* class action proposed settlement, includes provisions that illegally purport to release bonafide wage claims of class members without sufficient or specific notice of the illegality of such waivers, and

1    without reasonable compensation for wages over which there is no "good faith dispute". The

2    Notice of Class Settlement and Claim Form (Exhibit 1) together constitute an agreement between

3    Defendant USIS and Plaintiff in Class Action *Ricaldai v. U.S. Investigations Services, LLC*, CV

4    10-07388 DDP (PLAx), which adversely affects and purports to extinguish Plaintiff's substantial

5    rights to unpaid overtime in violation of California law.  PLAINTIFF seeks injunctive relief to

6    enjoin any agreement that would extinguish Plaintiff's rights herein beyond those asserted in the

7    *Ricaldai* complaint.

8  59.   Under California Code of Civil Procedure § 1060, which provides for Declaratory Relief, to

9    avoid an interpretation of the *Ricaldai* settlement that would extinguish the wage claims of

10    WILSON and the class members he seeks hereby to represent.  Therefore, it is requested that the

11    proposed settlement in *Ricaldai* be deemed an illegal release of wage claims in violation of State

12    Law, and that it has no force or effect in this Action.

13

14                         SIXTH CAUSE OF ACTION:

15    AGE DISCRIMINATION UNDER CALIFORNIA FAIR EMPLOYMENT AND HOUSING

16          ACT AGAINST ALL DEFENDANTS (California Government Code § 12900 et seq.)

17  60.   PLAINTIFF realleges, and incorporates by reference each and every allegation in paragraphs 1

18    through 59 as though set forth in full.

19  61.   California Fair Employment and Housing Act, California Government Code §12900 et seq.

20    makes it illegal for an Employer to discriminate in any way against an Employee based on their

21    age if above age 40 years.

22  62.   PLAINTIFF WILSON is above 60 years of age and is informed and believes and on that basis

23    alleges that the Employer Defendant improperly used his age, in part, as a justification for his

24    termination based on his inability to complete cases within the unreasonable time limits set by

25    the Employer.

26  63.   PLAINTIFF is informed, believes, and thereon alleges that Defendants have used this same

27    illegal rational to terminate, and otherwise discriminate against other putative class member

28    employees based on their age (above 40 years).  Besides termination, said discrimination

FIRST AMENDED CLASS ACTION COMPLAINT

1   includes, but is not limited to deliberate creation of a hostile work environment, designed to

2   create the fear of termination, to induce compliance with demands for unpaid work, and/or early

3   retirement.

4   64.   As PLAINTIFF, putative class representative and Private Attorney General WILSON will

5   request from the Jury damages in an amount according to the proof, interest, fines and Attorney

6   fees for such violations.  Further PLAINTIFF will request injunctive relief from the Court to

7   prevent future violations by the Defendants in protection of class member Employees.

8   65.   As to PLAINTIFF WILSON, and those putative class members over the age of 65, under

9   California Civil Code §§ 1761, Plaintiff will request treble damages, authorized by California

10   Civil Code §§ 3345.

11

12                               SEVENTH CAUSE OF ACTION:

13   DISABILITY DISCRIMINATION UNDER THE CALIFORNIA FAIR EMPLOYMENT HOUSING

14   AND ACT, AGAINST ALL DEFENDANTS (California Government Code §12900 et seq.)

15   66.   PLAINTIFF realleges, and incorporates by reference each and every allegation in paragraphs 1

16   through 65 as though set forth in full.

17   67.   While working as an unpaid, volunteer Reserve Deputy Sheriff for the San Bernardino County

18   Sheriff Office, and while simultaneously employed by USIS, PLAINTIFF WILSON suffered a

19   serve injury to his ankle.  This injury required a cast and rehabilitation to recover from the

20   disability. He also suffered a disability from a serious shoulder injuries which required surgery

21   and months of recovery.

22   68.   Instead of temporally modifying his duties to reasonably accommodate recovery from his

23   injuries, such as permitting him to do phone interviews, computer research and report reviews,

24   Defendant USIS terminated PLAINTIFF WILSON, in part due to his temporary disability.

25   69.   PLAINTIFF is informed and believes and on that basis alleges that it is a de facto policy for

26   Defendant   USIS   to   terminate   disabled   Employees   instead   of   making   reasonable

27   accommodations. Defendant USIS failed to relate the degree of disability to the type of services

28   required by PLAINTIFF and other Employees.

FIRST AMENDED CLASS ACTION COMPLAINT

1    70.    PLAINTIFF is informed, believes, and thereon alleges that Defendants have used this same

2           illegal rational to terminate, and otherwise discriminate against other putative class member

3           employees based on disabilities. Besides termination, said discrimination includes, but is not

4           limited to deliberate creation of a hostile work environment, designed to create the fear of

5           termination, to induce compliance with demands for unpaid work, and/or early retirement.

6    71.    As PLAINTIFF, putative class representative and Private Attorney General WILSON will

7           request from the Jury damages in an amount according to the proof, interest, fines and Attorney

8           fees for such violations. Further PLAINTIFF will request injunctive relief from the Court to

9           prevent future violations by the Defendants in protection of class member Employees.

10   72.    As to PLAINTIFF WILSON, and those putative class members with disabilities as defined in,

11          California Civil Code §§ 1761, Plaintiff will request treble damages, authorized by California

12          Civil Code §§ 3345.

13

14                          EIGHTH CAUSE OF ACTION:

15           FOR DISCRIMINATION AGAINST A RESERVE LAW ENFORCEMENT OFFICER,

16                AGAINST ALL DEFENDANTS (California Labor Code §§ 230.3, 230.4)

17   73.    PLAINTIFF realleges, and incorporates by reference each and every allegation in paragraphs 1

18          through 72 as though set forth in full.

19   74.    PLAINTIFF WILSON, and other putative class members are reserve law enforcement officers.

20   75.    PLAINTIFF WILSON is informed, believes, and thereon alleges that his discharge, and that of

21          other putative class members was in part motivated by his/their status and time commitments as

22          reserve law enforcement and/or volunteer fire fighters, in violation of California Labor Code §

23          230.3, thereby entitling them to the remedies set forth in § 230.4.

24

25                     NINTH CAUSE OF ACTION SLANDER/LIABLE

26                AGAINST ALL DEFENDANTS (California Civil Code §§ 45, 46)

27   76.    PLAINTIFF realleges, and incorporates by reference herein each and every allegation in

28          paragraphs 1 through 75 as though set forth in full.

FIRST AMENDED CLASS ACTION COMPLAINT

77.   PLAINTIFF is informed, believes, and thereon alleges that Defendants and each of them have made derogatory statements oral, and/or in writing, to the Office of Personnel Management and\or prospective future employers, thus interfering with PLAINTIFF'S ability to obtain new employment.

78.   PLAINTIFF is informed, believes, and thereon alleges that DEFENDANTS have made similar derogatory statements oral, and/or in writing about other putative class members. Such intentional illegal acts justify the award of punitive damages as permitted by State Law to PLAINTIFF and putative class members in an amount of not less then 25% of USIS, and the other defendants, including it's parent companies net worth.

## TENTH CAUSE OF ACTION:

### ENFORCEMENT UNDER THE CALIFORNIA PRIVATE ATTORNEY GENERAL ACT AGAINST ALL DEFENDANTS (California Labor Code § 2698 et seq.)

79.   PLAINTIFF realleges, and incorporates by reference herein each and every allegation in paragraphs 1 through 78 as though set forth in full.

80.   As to Causes of Action One through Nine above, PLAINTIFF brings them not only as a Class Representative, but also under the alternate theory as a Private Attorney General pursuant Labor Code § 2698 et. Seq. and/or C.C.P. § 1021.5, and related case law.  PLAINTIFF Counsel has complied with Labor Code §2699.3 and received Right to Sue Letters from the State and Federal Authorities.

81.   Under the Private Attorney General Statutes PLAINTIFF and his Attorney of Record seek to protect the rights and interests of not only other of Defendant USIS Employees, but also the Public and competitors.

82.   In addition to the wages and interest owed to such employees PLAINTIFF seeks treble damages, fines and penalties permitted by law from Defendants for distribution to such employees within the State of California under the Private Attorney General Act, California Penal Code and California Labor Code as authorized thereby, including damages owing to the State of California.

83.   On behalf of the State taxing authorities PLAINTIFF as a Qui Tam action, for recovery of State

FIRST AMENDED CLASS ACTION COMPLAINT

1    Taxes, Workers Compensation premiums and Unemployment Insurance payments, based on the

2    wages that should have been paid to PLAINTIFF and Class members and which Defendants did

3    not pay.

4

5                          ELEVENTH CAUSE OF ACTION:

6    VIOLATION OF UNFAIR BUSINESSES PRACTICES ACT; UNFAIR COMPETITION

7          AGAINST ALL DEFENDANTS, California Business & Professions Code §17200

8   84.   PLAINTIFF realleges, and incorporates by reference each and every allegation in paragraphs 1

9          through 83 as though set forth in full.

10  85.   As either a Private Attorney General, or as an actually injured Party, PLAINTIFF asserts this

11        cause of action in the alternative, under the California Business Practices Act; California

12        Business & Professions Code §17200.

13  86.   Defendant USIS competes with other Companies for providing services to the Office of

14        Personnel Management (OPM).

15  87.   To reduce their charges and costs to OPM and thereby unfairly compete with such other

16        Companies, Defendants illegally failed to pay the full earned wages, State Taxes and related

17        costs for PLAINTIFF and other Employee Class Members, thus artificially reducing USIS

18        operating expenses.

19  88.   To equalize the competition and prevent an unfair business advantage PLAINTIFF requests the

20        Court order Defendants to pay all wages and related sums to the Employees, pay all proper State

21        Taxes. Workers Compensation and Unemployment Insurance premiums based on the true value

22        of the Employees labor hours.

23  89.   Further PLAINTIFF requests the Court to order Defendants to disgorge all profits earned by the

24        acts of unfair competition, payable to the State of California as required by Law.

25  90.   Order the Defendant to pay to the PLAINTIFF and other Class Representative an appropriate

26        award for such representation services, and order payment of Attorney fees and cost to

27        PLAINTIFF'S Counsel.

28  ///


FIRST AMENDED CLASS ACTION COMPLAINT

TWELFTH CAUSE OF ACTION:

FOR INFLICTION OF EMOTIONAL DISTRESS, AGAINST ALL DEFENDANTS

(California Civil Code §§ 1714 and 3294)

91.    PLAINTIFF realleges, and incorporates by reference each and every allegation in paragraphs 1 through 90 as though set forth in full.

92.    California Civil Code § 1714 prohibits the infliction of emotional distress, negligent and/or intentional.

93.    Much of the conduct alleged herein has either negligently o intentionally caused emotional distress, according to proof.

94.    Plaintiffs seek compensatory damages for negligent infliction of emotional distress as heretofore alleged, and punitive damages, under California Civil Code § 3294 for malicious, and or intentional infliction.

THIRTEENTH CAUSE OF ACTION:

FOR INJUNCTIVE RELIEF AGAINST ALL DEFENDANTS

(California Code of Civil Procedure § 526, 527)

95.    PLAINTIFF realleges, and incorporates by reference each and every allegation in paragraphs 1 through 94 as though set forth in full.

96.    Much of the conduct alleged illegal conduct alleged herein is ongoing, and construes to the present causing great damage and irreparable injury, a multiplicity of judicial proceedings.

97.    PLAINTIFF seeks both temporary and permanent injunctive relief to restrain continuing violations of law as alleged herein under California Code of Civil Procedure § 526, 527.

WHEREFORE, Plaintiffs pray this court:

1.    Certify the proposed Class and appoint Plaintiff as representative thereof, and the undersigned counsel of record to represent the class; and,

2.    Award wages, unpaid taxes, and other damages against Defendants based on their violations of the State Labor Code and Industrial Welfare Order 4-2001 payable to Plaintiff and each Class

Member according to proof; and,

3.   Award damages for Defendants various acts of discrimination in violation of the State Fair Employment and Housing Act caused by threat, intimation, and termination; and

4.   Award damages for negligent and/or intentional infliction of emotional distress, pain and suffering, according to proof; and,

5.   Award treble damages for conversion, theft of labor according to proof; and,

6.   Award treble damages for age discrimination; and,

7.   Award treble damages for disability discrimination; and,

8.   Award damages for discrimination against law enforcement officers and fire fighters; and,

9.   Award restitution, disgorgement, injunctive relief and all other relief allowed under California Business & Professions Code §§ 17200 et seq.; and

10.  Assess prejudgment interest on the damages so awarded; and,

11.  Assess punitive damages and sanctions equal to ten times the amount of general and special damages or 25% of the net worth of the Defendant Employer, and parent company, as provided by California Code of Civil Procedure § 1670.5, and §3294, which ever is greater; and,

12.  Award to Plaintiffs their attorneys' fees, costs of suit as provided under applicable law (including, but not limited to Labor Code §1194); and,

13.  Award against the Defendant all fines, penalties and costs provided for by law, payable as authorized by law; and,

14.  Issue such injunctive orders as needed to remedy past wage violations and unfair competition, and prevent such violations in the future; and,

15.  Grant such other and further relief as the Court deems proper and just.

Dated: January 22, 2013

John D. Lueck, Attorney for Plaintiff, Class Representative, Private Attorney General, Tom P. Wilson, on behalf of himself, on behalf of all others similarly situated, and on behalf of the General Public as Private Attorney General

FIRST AMENDED CLASS ACTION COMPLAINT

1

## PROOF OF SERVICE

2

3          I am a resident of the State of California, over the age of eighteen years, and not a

4    party to the within action. My business address is 501 W. Broadway, Suite 900, San Diego,

5    California 92101.3577. On March 15, 2013, I served the within document(s):

6    **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION
     FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(A),**
7    **1332(D), 1441 AND 1446**

8    **CIVIL COVER SHEET**

9    **NOTICE OF RELATED CASES**

10   **US INVESTIGATIONS SERVICES, LLC'S NOTICE OF INTERESTED
     PARTIES**
11

12   **DEFENDANT US INVESTIGATIONS SERVICES LLC'S REQUEST FOR
     JUDICIAL NOTICE IN SUPPORT OF REMOVAL OF CIVIL ACTION**
     **FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(A),**
13   **1332(D), 1441 AND 1446**

14   **DECLARATION OF LARA K. STRAUSS IN SUPPORT OF NOTICE OF
     REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332(A),**
15   **1332(D), 1441 AND 1446**

16   **DECLARATION OF BRIAN SLAGOWSKI IN SUPPORT OF NOTICE OF
     REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332(A),**
17   **1332(D), 1441 AND 1446**

18

19   ☐    by facsimile transmission at or about _____ on that date. This document
20        was transmitted by using a facsimile machine that complies with California Rules
          of Court Rule 2003(3), telephone number 619.232.4302. The transmission was
21        reported as complete and without error. A copy of the transmission report, properly
          issued by the transmitting machine, is attached. The names and facsimile numbers
22        of the person(s) served are as set forth below.

23   ☒    by placing a true copy of the document(s) listed above for collection and mailing
24        following the firm's ordinary business practice in a sealed envelope with postage
          thereon fully prepaid for deposit in the United States mail at San Diego, California
25        addressed as set forth below.

26   ☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery
27        fees provided for, in an overnight delivery service pick up box or office designated
          for overnight delivery, and addressed as set forth below.

28

☐  by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

John D. Lueck
Law Offices of John D. Lueck, Inc.
8034 Haven Ave., Ste A
Rancho Cucamonga, CA 91730
Tel: 909.484.1963

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 15, 2013, at San Diego, California.

_____
Pamela Gomez

Firmwide:119109270.1 065061.1009

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

2.

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 489 VAP (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

*Failure to file at the proper location will result in your documents being returned to you.*

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Tom P. Wilson

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

US INVESTIGATIONS SERVICES, LLC., ALTEGRITY, INC., PROVIDENCE EQUITY PARTNERS, LLC, CHESTER RIGGINS, CAROLINE ASHLEY, MICHAEL MANDELBLATT, HEIDI NIELSEN

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

John D. Lueck
Law Offices of John D. Lueck, Inc.
8034 Haven Avenue, Suite A
Rancho Cucamonga, CA 91730   Telephone: 909.484.1963

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Rod M. Fliegel/Lara K. Strauss/Joshua D. Levine
Littler Mendelson, P.C.
650 California Street, 20th Floor
San Francisco, CA 94104   Telephone: 415.433.1940

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding   ☒ 2. Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Reinstated or Reopened   ☐ 5. Transferred from Another District (Specify)   ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No      **MONEY DEMANDED IN COMPLAINT:** $ >$10,800,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff alleges on behalf of himself and class panoply of wage and hour and discrimination claims, inter alia. This action is removable under the diversity provisions of 28 U.S.C. Sections 1332, 1441, and 1446.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☒ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **EDCV13-0489**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] NO ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ NO [X] YES

If yes, list case number(s): CV10-7388-DDP (PLAx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) [X] A. Arise from the same or closely related transactions, happenings, or events; or

[X] B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Caroline Ashley (Orange County (on information and belief)) Chester Riggins (Orange County (on information and belief)) | US Investigations Services, LLC (Delaware and Virginia); Altegrity, Inc. (Delaware and Virginia); Providence Equity Partners, LLC (Delaware and Rhode Island) - Michael Mandelblatt (Nevada); Heidi Nielsen (Utah) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County (on information and belief) | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ DATE: 3/15/13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |